# VALLEY STEAMSHIP COMPANY *v.* WATTAWA.

# VALLEY STEAMSHIP COMPANY *v.* MRAZ.

ERROR TO THE COURT OF APPEALS, EIGHTH DISTRICT, OF THE STATE OF OHIO.

Nos. 469, 470. Argued January 10, 11, 1917.—Decided May 21, 1917.

It being settled that in the absence of congressional legislation the commerce clause does not forbid a State to legislate concerning the relative rights and duties of employers and employees within her borders although engaged in interstate commerce, a contention to the con-

trary will not afford jurisdiction to this court to review a state judgment.

So *held* where an Ohio elective Workmen's Compensation Law, in withdrawing the defenses of contributory negligence, negligence of fellow servant and assumption of risk from employers not accepting provisions of the act, was claimed to contravene the commerce clause, as applied to a company engaged in interstate transportation by steamship.

The objection that the Ohio Compensation Act, as applied to a steamship company engaged in interstate commerce, would be an unconstitutional invasion of the federal maritime jurisdiction cannot be considered in this case, since the jurisdiction of the court below is confined to review of the trial court's judgment for errors appearing on the record, and this objection was neither made in the trial court, nor, clearly, in the petition in error before the court below, nor definitely mentioned in the latter court's opinion. *Mutual Life Insurance Co.* v. *McGrew*, 188 U. S. 291.

Dismissed.

The cases are stated in the opinion.

*Mr. Tracy H. Duncan*, with whom *Mr. Frank S. Masten* was on the brief, for plaintiff in error.

*Mr. George H. Eichelberger* for defendants in error.

Memorandum opinion by Mr. Justice McReynolds.

### Number 469.

Seeking damages under the laws of Ohio, defendant in error Wattawa brought this action in the Common Pleas Court of Cuyahoga County. He alleged that by reason of the Steamship Company's negligence he suffered personal injuries in September, 1913 while employed by it as a deck hand on the Edwin N. Ohl then lying at Sandusky, Ohio; and that although an employer of more than five men the company was not a subscriber or contributor to the State Insurance Fund provided for by the Act of May 31, 1911— the first Ohio Workmen's Compensation Act.[1]  In defence

---

[1] General Code, §§ 1465-37 to 1465-70.

the company claimed that although employing more than five men it was engaged in interstate commerce and therefore was not required to subscribe to the State Insurance Fund; denied negligence; and alleged that the accident resulted wholly from the employee's want of care and moreover that he had assumed the risk. Upon motion the allegation as to assumption of risk was stricken out.

The court charged that as the company had not accepted the Compensation Act it could not rely upon common-law defences based on the fellow-servant rule, assumption of risk or contributory negligence. Judgment upon a verdict for $5,200.00 was affirmed by the Court of Appeals, and petitions in error and for certiorari were denied by the Supreme Court.

We are asked to reverse the action of the Court of Appeals upon two grounds. First, because the company was engaged in interstate commerce and therefore could not be subjected to the Compensation Act without burdening such commerce contrary to the Commerce Clause of the Federal Constitution. Second, because Article III, § 2 of the Constitution extended judicial power to all cases of admiralty and maritime jurisdiction and thereby rendered the general maritime law part of the federal laws not subject to alteration by state statutes.

The first point relied upon is entirely without merit and inadequate to support our jurisdiction. In the absence of congressional legislation the settled general rule is that without violating the Commerce Clause the States may legislate concerning relative rights and duties of employers and employees while within their borders although engaged in interstate commerce. *Lake Shore & Michigan Southern Ry. Co.* v. *Ohio*, 173 U. S. 285, 297; *The Minnesota Rate Cases*, 230 U. S. 352, 408.

The second reason for reversal now set up was not presented to the trial court in any form. It was not pointed out clearly, if at all, by the petition in error before

the Court of Appeals and was not definitely mentioned in the opinion of that court whose powers only extend to a review of the trial court's judgment for errors appearing on the record. Section 12,247, Ohio General Code, as amended by Ohio Laws 103, pp. 405, 431. The question therefore is not properly before us. *Mutual Life Insurance Co.* v. *McGrew*, 188 U. S. 291, 308, 309.

The writ of error must be dismissed for want of jurisdiction.

---

## NUMBER 470.

Counsel for the Steamship Company have admitted of record here that this cause involves the same state of facts and questions of law as those presented in Number 469. They were heard together and the same judgment will be entered in each of them.

*Dismissed.*