JAMES KENNEDY, TRADING AS KENNEDY'S TOWING LINE, PROSECUTOR, v. REBECCA COON, RESPONDENT.

Argued February 21, 1917—Decided October 16, 1917.

1. The Workmen's Compensation act of New Jersey is not applicable to cases of accidents arising while an employe is on a vessel engaged in interstate commerce, since, by the constitution of the United States, the judicial power over cases of admiralty and maritime jurisdiction is vested in the United States.

2. Where a question presented on appeal is one dealing with the jurisdiction of the court or the general public policy of the state, such a question is not, under the practice in this state, eliminated by the failure of the record to present it.

On *certiorari* removing judgment of the Union Common Pleas.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Kalisch & Kalisch.*

For the respondent, *McDermott & Enright.*

The opinion of the court was delivered by

MINTURN, J. The writ of *certiorari* brings up the proceedings in a workmen's compensation case, in the Union County Common Pleas, wherein judgment was rendered for petitioner, whose husband lost his life by an accident, as the trial court found, arising out of and in the course of his employment with prosecutor.

The prosecutor is in the tow-boat business, and is engaged in interstate commerce, between New York and New Jersey. He resides in Elizabeth, where he has his office and principal place of business. One of his steam tugs, the "Elsie K," was registered in the customs office in Newark, pursuant to 7 *R. S. U. S. Fed. Stat. Ann.* 16, § 4141.

Robert Coon, petitioner's husband, had been employed as fireman on the boat, and was drowned when she foundered while on a voyage from Brooklyn to Elizabeth August 4th, 1915. She went down within about five hundred feet of the New Jersey shore at Constable Hook. The court below found as a fact, and there was evidence to support it, that the tug sank in New Jersey waters, and that the deceased was drowned within the jurisdiction.

Since this case was submitted, two causes involving questions of the same general legal import have been decided by the Federal Supreme Court. The case of the *Southern Pacific Co. v. Jensen,* 244 *U. S.* 205, involved the inquiry whether the Workmen's Compensation act of New York was in conflict with article 3, section 2, of the federal constitution, extending the judicial power of the United States to all cases

of admiralty and maritime jurisdiction, and article 1, section 8, giving congress power to make all laws necessary and proper to carry into execution the powers vested in the federal government; and the United States judicial code, sections 24 and 256, giving Federal District Courts exclusive judicial cognizance of all civil causes of admiralty and maritime jurisdiction, as well as with the general policy of congress to encourage investments in ships, manifested by various congressional enactments imposing a limitation of liability upon the owners of vessel property.

The majority opinion of a divided court held that such a conflict of legislative authority existed, and that the New York act was consequently invalid so far as it attempted to impose liability upon the owner of an ocean-going steamship plying between New York City and the city of Galveston, Texas, for an injury resulting in the death of a longshoreman killed while at work upon the vessel.

This determination would obviously be dispositive of the claim in the case *sub judice,* since the fact is conceded that the boat upon which this decedent was employed was engaged in interstate commerce between the port of Brooklyn, in the State of New York, and Elizabeth, in this state. But the Southern Pacific case was followed at the same term of the federal court by *Valley Steamship Co.* v. *Wattawa,* and the same company against Mraz, reported in 244 *U. S.* 202. This later adjudication imposes a practical qualification or limitation upon the general application in practice of the rule declared by the former adjudications to the effect that the claim of exclusive federal jurisdiction will not be recognized as a basis for a writ of error, unless the question shall have been raised in the trial court, and is presented as a basis of appeal, where the state appellate tribunal is circumscribed in its discussion of the case to errors appearing on the record, citing in support of this general rule of practice, *Mutual Life Insurance Co.* v. *McGrew,* 188 *U. S.* 291.

The general rule of practice in this state relative to matters

determinable in this court, and in the Court of Errors and Appeals, has been settled in accordance with the rule promulgated by the Federal Supreme Court, with the additional qualification that the rule shall not apply where, as in this case, the question presented is one dealing with the jurisdiction of the court, or the general public policy of the state. *State* v. *Shupe*, 88 *N. J. L.* 610.

Obviously, therefore, the question of jurisdiction is involved in this controversy in view of the federal decisions to which we have referred, and under our practice is not eliminated by the failure of the record to present it. The result is, that in reaching a result, our determination must be controlled by the federal decisions referred to, which leads to a reversal· of the judgment under review.