MANDLE *v.* KELLY, et al.

No. 40273 November 19, 1956 90 So. 2d 645

*Jason Floyd,* Gulfport, for appellant.

334

*Wallace & Greaves,* Gulfport, for appellee.

336

GILLESPIE, J.

Appellant filed claim for compensation under the Mississippi Workmen's Compensation Act. The facts are not in dispute.

R. O. Kelly, one of the appellees, operated a cannery at Midville, Georgia, and regularly employed more than eight employees. No business was conducted by the employer outside of Georgia, but he operated two tractor-trailer truck units in delivering the products of his cannery to various points outside the State of Georgia. Appellant and one other employee were employed to operate these trucks. The employer consigned a truck load of the product of his cannery to a point in Louisiana, and shipped it in one of his trucks which was operated by appellant. In order to reach the Louisiana destination, appellant was required to traverse the State of Mississippi along U. S. Highway No. 90, and when appellant reached Kreole, Mississippi, his vehicle was weighed at the official weighing scales and it was determined that too much of the weight load rested on the front axle of the trailer. In order to correct this situation, appellant moved 25 or 30 cases of goods to the rear of the trailer, and while so doing, experienced pain under his short ribs, followed by what he thought was indigestion. His discomfort continued and he sought and obtained medical treatment in Harrison County, Mississippi, where it was determined that he had suffered a spontaneous pneumathorax, and this condition later precipitated a heart attack.

The attorney-referee found that appellant's disability was causally related to his work for employer and that appellant was permanently and totally disabled. Appellant incurred hospital and medical bills amounting to $1001.00 in connection with his injuries. These bills are due citizens of this State, and have not been paid. This proceeding was originally instituted by the hospital and physician for the collection of their bills. Appellant later filed his claim.

After treatment in the hospital in Harrison County, Mississippi, appellant returned to his home in Georgia, where he has since resided. Appellant did not file for compensation benefits under the Georgia Act and when he instituted these proceedings, the one-year statute of limitations had run on his claim under the Georgia Act.

The attorney-referee dismissed appellant's claim on the ground that the Workmen's Compensation Commission was without jurisdiction of the subject matter of the claim, and on successive appeals, this action was affirmed by the Commission and the Circuit Court.

Insofar as the liability of the employer is concerned, there are two questions for our determination: (1) Whether the employee and employer are exempted under Sec. 49 (c) of the Mississippi Workmen's Compensation Act (Code of 1942, Vol. 5A, Recompiled, Sec. 6998-55 (c)), and (2) whether Mississippi has the constitutional power to apply its act under the circumstances of this case.

The provisions of the Mississippi Act provide coverage in this case unless the employee and employer are exempted by the provisions of Sec. 49 (c), which is as follows:

"(C) Any employee who has been hired or is regularly employed outside of this state and his employer shall be exempted from the provisions of this act while such employee is temporarily within this state doing work for his employer if such employer has furnished

workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state, so as to cover such employee's employment while in this state, provided the extra-territorial provisions of this act are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted from the application of the workmen's compensation or similar laws of such other state. The benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this state.''

██ █ The exemption provided in this section is not applicable if the employer has failed to provide compensation insurance coverage under a workmen's compensation or similar law for a state other than this state, or if the extra-territorial provisions of the Mississippi act are not recognized in such other state, or if the workmen's compensation or similar law of such other state does not likewise exempt from its application employees and employers who are covered in this state. The Georgia act is silent as to the extra-territorial provisions of the workmen's compensation or similar laws of other states, and there is no provision for exempting from its application employees and employers when the employee has been hired and is regularly employed outside of Georgia. and such employee is injured while temporarily within Georgia doing work for his employer. The exemption does not apply to the present case, and the Mississippi Workmen's Compensation Act applies to the injury sustained by appellant while temporarily within this State doing work for his employer. LaDew v. LaBorde, 216 Miss. 598, 63 So. 2d 56.

We now consider the constitutional questions raised by the employer, leaving for later consideration the con-

stitutional questions raised by the appellee, Federated Mutual Employment and Hardware Insurance Company.

■■ The employer set up as a defense the Georgia Compensation Act, and contends that under the full faith and credit clause of the Constitution of the United States, this Court can not constitutionally impose a system of compensation liability on the employer. The Georgia Act provides that the rights and remedies therein granted to an employee are exclusive of all other remedies at common law, or otherwise. Appellant and employer are residents of the State of Georgia, and the contract of hire was a Georgia contract; appellant was injured while temporarily doing work for his employer in the State of Mississippi; appellant received extensive medical treatment in this State for which payment has not been made. This State has a substantial and legitimate interest in these matters and its policy has been declared in its own compensation act. The Mississippi Workmen's Compensation Act was adopted in the exercise of its police power to provide for the welfare of its citizens and others performing labor within its borders, and the subject matter of this legislation is one concerning which this State is competent to legislate. ■■ It has been held that the full faith and credit clause does not go so far as to require this State to withhold the application of its own laws because they conflict with the laws of another State under such circumstances as this case present. Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U. S. 493, 59 S. Ct. 629, 83 L. Ed. 940; Larson's Workmen's Compensation Law, Sec. 8600, et seq.; Carroll v. Lanza, 75 S. Ct. 804.

■■ The employer also contends that the application of the Mississippi Act in this case would constitute an interference with, or impairment of, the right to contract. Employer bases this contention on the grounds that the contract for hire was made in Georgia between residents of Georgia, and the provisions of the Georgia

Act, which provides that it is the exclusive remedy, that the Act is a constituent part of the contract of hire. It is argued that the application of the Mississippi Act alters the contract between the employer and employee. We think the overriding consideration in applying compensation statutes is the public interest rather than private contract. There is ample authority for the proposition that a State has such a legitimate interest in imposing a rule of compensation liability where the injury occurs within the State, that the application of such statutes may not be altered by contract. Alaska Packers' Assn. v. Industrial Accident Commission, 294 U. S. 532, 55 S. Ct. 518; 79 L. Ed. 1044; Larson's Workmen's Compensation Law, Sec. 87.70, et seq.

 The employer also contends that appellant was engaged in interstate commerce at the time of his injury and that the application of the Mississippi Act to the injury in question would place an undue burden upon interstate commerce in violation of the commerce clause of the Constitution of the United States. There are no congressional regulations on the subject and there is no infringement on federal jurisdiction or authority in respect to the interstate commerce aspects of the case. The State is well within its sovereign powers to adopt reasonable measures for the safety and welfare of its citizens and others within its borders. 58 Am. Jur., Workmen's Compensation, Sec. 76; Valley Steamship Co. v. Wattawa, 61 L. Ed. 1085, 244 U. S. 202, 37 S. Ct. 523; The Minnesota Rate Cases, 230 U. S. 352, 57 L. Ed. 1511, 33 S. Ct. 729.

 The several constitutional questions raised in this case are resolved largely by the substantial interest of this State in the injury and its consequences. If it has such substantial interest it may legislate concerning it within reasonable limitations, notwithstanding the contract of the parties, the full faith and credit clause, and the interstate commerce clause. We think the State

has such an interest. The sensibilities of mankind demand that anyone, whether he be a citizen or a stranger, is entitled to receive hospital and medical care when he is injured in this State, and the State must furnish such services either through the means of its public institutions or by private citizens, who are the State. Humanity also demands that indigent and helpless persons be furnished the necessities of life, and this, too, must be furished by the State through public or private means. These duties of the State rest more on moral rather than legal grounds, but the power of the State to legislate in regard thereto rests on firm legal ground. This State has done so by assuring the payment of compensation so that an injured employee who is covered by the act may not become a public charge; and by making provisions that whoever may succor the injured employee by providing hospital and medical care shall be paid therefor. These considerations are public ones; they are substantial; and they are the legitimate concern of the State where the injury occurs. We need not bow to the law of Georgia in reasonably dealing with these matters; nor enforce a Georgia contract in contravention of the policies of this State; and absent action by the Congress in this field creating a conflict of authority, no undue burden is placed on interstate commerce.

We now consider the question of liability of Federated Mutual Employment and Harware Insurance Company, one of the appellees, herein called carrier, who made a separate motion to dismiss on the ground that the application of the Mississippi Act to it would violate the constitutional prohibition against the impairment of contract.

The Georgia Workmen's Compensation Act provides that every employer who accepts the compensation provisions of the act shall insure the payment of compensation to his employees, and that every policy for the insurance of the compensation shall be deemed made

subject to the provisions of the act, and the contract of insurance shall be approved as to form by the industrial board. The policy issued by the carrier to the employer obligated the carrier to pay to any person entitled thereto Workmen's Compensation under such of certain statutes, as may be applicable thereto, "cited and described in an endorsement to this policy." The policy also provided that: "Nothing herein contained shall operate to so extend this policy as to include within its terms any workmen's compensation law, scheme or plan not cited in an endorsement hereto attached." In the endorsement attached to the policy designating the compensation law applicable to the policy it is provided: "1. The obligations of paragraph One (a) of the policy apply to the Workmen's Compensation Law herein cited: Title 114, Code of Georgia, 1933, entitled 'Workmen's Compensation' and all laws amendatory thereof or supplementary thereto which are or may become effective during the policy period, hereinafter referred to as 'this act'."

 The carrier's liability is fixed and limited by the terms of the contract and the law of Georgia under which it was made. By the express terms of the contract, the carrier is not obligated to pay to any person any benefit under any compensation law except the Georgia Act. All other compensation acts are excluded. The liability of the carrier may not be extended by application of the Mississippi Workmen's Compensation Act contrary to the express terms of the policy. The carrier has in no way subjected itself to the policy and public interests of the State of Mississippi. Its contract with the employer was made in Georgia under Georgia law, and the policy expressly limited liability to the application of the Georgia law. This State has no constitutional right to interfere with or enlarge upon the obligation of a Georgia contract. This State may not extend the effect of its laws beyond its borders so as

to impair the right of citizens of other states to make a contract not operative within its jurisdiction, and lawful where made. To do so would violate the due process clause of the Constitution of the United States. Hartford Accident & Indemnity Co. v. Delta and Pine Land Co., 292 U. S. 143, 78 L. ED. 1178, 54 S. Ct. 634, 92 A. L. R. 928. The action of the lower tribunals in dismissing the claim as to the carrier should be affirmed.

The case is affirmed as to the carrier, and reversed and judgment rendered here as to the liability of the employer, and the case is remanded to the Commission for proper application of the Act.

Affirmed in part, reversed in part, and remanded.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge,* JJ. concur.

ON MOTION TO APPROVE CONTRACT FOR ATTORNEY'S FEES

Roberds, P. J.

This case was handed down on its merits November 19, 1956. 229 Miss. 327, 90 So. 2d 645.

██ ██ Mandle and his attorney have filed a motion asking the Court to approve a contract between them under which the attorney is to receive fifty percent of the amount of compensation recovered by Mandle. In Prince, et al. v. Nicholson, No. 40,307, decided January 7, 1957, not yet reported, this Court said:

"It further appears from the record that the circuit court allowed to the claimant's attorney as an attorney's fee for his services forty percent of the benefits recovered, in accordance with a contract entered into between the claimant and said attorney. We have heretofore definitely held, however, that the fee for all servicse of a claimant's attorney in workmen's compensation cases should not exceed 33-1/3% of the sum recovered. Sunnyland Contracting Co., Inc. v. Davis, 221 Miss. 744, 75 So.

2d 638; Mississippi Federated Cooperatives v. Jefferson, 79 So. 2d 723; Pigford Bros. Construction Co. v. Evans, 83 So. 2d. 622.''

The motion herein discloses that counsel has performed an unusual amount of legal work. However, we think it inadvisable to undertake to estimate and evaluate the services which attorneys perform so as to increase their fees in excess of the maximum we have heretofore set.

Therefore, the contract in this case will be approved so as to allow counsel a fee of 33-1/3% of the total amount which may be recovered herein by Mandle.

Motion for attorney's fees approved in part.

*Hall, Lee, Kyle* and *Holmes*, JJ., concur.