THE HARRISON COMPANY, et al. *v.* NORTON

No. 42422 November 5, 1962 146 So. 2d 327

*Lipscomb & Barksdale,* Jackson, for appellants.

*Josh Morse,* University; *Williamson & Smith,* Meridian, for appellee.

McELROY, J.

This is an appeal from the Circuit Court of Monroe County, Mississippi, wherein the court affirmed an award of the Mississippi Workmen's Compensation Commission in which the appellee was awarded compensation at the rate of $10 per week minimum and assessing a ten per cent penalty.

The appellee, Dewey M. Norton, a life-long resident of the State of Mississippi, entered into a contract in May 1956, in the State of Georgia with appellant, The Harrison Company, to work in the states of Mississippi and Alabama as a lawbook salesman. The appellee worked for the appellant until December 12, 1956, at which time he had an accident in Monroe County, Mississippi. The claimant's testimony, that seventy-five per cent of his work was performed in Mississippi and about ninety per cent of his earnings were received from work done in Mississippi, was undisputed. He did no work in Georgia.

Immediately after his injury on December 12, 1956, the appellant insurance carrier voluntarily began to pay compensation under the Georgia Act. On April 1, 1957, the claimant was sent a Georgia form entitled ''Final Compensation Settlement Receipt'' and the receipt was signed by the appellee. Voluntary payments were made to the appellee totaling $480 at $30 a week under the Georgia Act, and the limit of $1,500 medical expenses was paid under the Act.

Within two years after the injury, claimant filed Forms B-5 and B-11 before the Mississippi Workmen's Compensation Commission requesting a hearing to determine the extent of his permanent disability. To this claim the defendant interposed a motion to dismiss for want of jurisdiction predicated on the ground that the Georgia law provided the exclusive remedy. The Commission found that claimant had a disability of five per cent of the body as a whole and sustained a five per cent

loss of wage-earning capacity. The Commission also allowed the $10 minimum in Mississippi to be paid at the rate of $10 per week for 450 weeks and ten per cent damages. The award of the Commission was appealed to the circuit court which affirmed the Commission's award.

The question before the Supreme Court is whether or not the claimant is entitled to compensation under the laws of the State of Mississippi. If he is, the Georgia Act may not be interposed as a bar provided full faith and credit is given to the payments voluntarily made under the Georgia Act. It is to be remembered that the appellee is a resident of Mississippi, doing business in Mississippi and Alabama, and not in the State of Georgia. The accident occurred in Monroe County, Mississippi, and ninety per cent of the expenses paid was for work done in the State of Mississippi.

The facts before us are that the appellee, Dewey Norton, was permanently in the State of Mississippi. The Workmen's Compensation Commission in its award to the appellee, gave credit for all the payments voluntarily made under the Workmen's Compensation Act of Georgia.

The exclusive feature of the Georgia Act was more or less gone into in the case of Mandle v. Kelly, 229 Miss. 327, 90 So. 2d 645, decided in 1956. It was said in that case: "The Georgia Act is silent as to the extra-territorial provisions of the workmen's compensation or similar laws of other states, and there is no provision for exempting from its application employees and employers when the employee has been hired and is regularly employed outside of Georgia, and such employee is injured while temporarily within Georgia doing work for his employer. The exemption does not apply to the present case, and the Mississippi Workmen's Compensation Act applies to the injury sustained by appellant while temporarily within this State doing work for his employer."

In the Mandle case, the complainant was temporarily working in Mississippi, whereas in the case before us, the claimant made a contract in another state to do work here in Mississippi, and is a citizen in this state and has done practically all of his work in this state. The Mandle case followed 58 Am. Jur., Workmen's Compensation, Sec. 76; Valley Steamship Co. v. Wattawa, 244 U. S. 202, 37 S. Ct. 523, 61 L. Ed. 1084, 1085; The Minnesota Rate Cases (Simpson v. Shepard), 230 U. S. 352, 33 S. Ct. 729, 57 L. Ed. 1511. In *Mandle* it was said: "The sensibilities of mankind demand that anyone, whether he be a citizen or a stranger, is entitled to receive hospital and medical care when he is injured in this State, and the State must furnish such services either through the means of its public institutions or by private citizens, who are the State. Humanity also demands that indigent and helpless persons be furnished the necessities of life, and this, too, must be furnished by the State through public or private means. These duties of the State rest more on *moral* rather than legal grounds, but the power of the State to legislate in regard thereto rests on firm legal ground. This State has done so by assuring the payment of compensation so that an injured employee who is covered by the act may not become a public charge; and by making provisions that whoever may succor the injured employee by providing hospital and medical care shall be paid therefor. These considerations are public ones; they are substantial; and they are the legitimate concern of the State where the injury occurs." (Emphasis supplied.) Cf. Bagnel v. Springfield, 144 F. 2d 65; Lavoie's Case, 135 NE 2d 750. The compensation act of the State of Georgia likewise has an extra-territorial provision, Sec. 114-411 of the Georgia Code, which provides: "Accidents outside the State.—Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his de-

pendents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, *if the contract of employment was made in this State,* and if the employer's place of business is in this State or if the residence of the employee is in this State: Provided, his contract of employment was not expressly for service exclusively outside of the State: * * *" (Emphasis supplied.) The Georgia Act by its very terms does not provide coverage for persons whose contract of employment is expressly for services exclusively outside the state. The testimony is that the claimant was employed for services exclusively outside the State of Georgia. His primary duties were supposed to be in the State of Mississippi. He was employed for services particularly outside of the State of Georgia and has never performed any services for the Harrison Company in the State of Georgia.

In the case of Miller v. National Chair Co., 18 Atl. 2d 847, the contract of employment was made in the State of New Jersey. The claimant was injured while working in North Carolina and the insurance carrier for the Employee's Associated Corporation entered into voluntary agreement for the payment of compensation on a weekly basis with the subsequent approval of the North Carolina Commission, very similar to the forms signed by the claimant in this case. The claimant made a claim under the New Jersey Act and the North Carolina Act was pled as a bar and also election of remedy and res judicata was pled. It was held that since there was no formal award of compensation in the latter state there could be no basis for the contention that payment received was such as to bar any subsequent award on the principle of res judicata since the mere approval of the voluntary agreement of the parties were more in the nature of an administrative act than a judicial one, pointing out that the power of the state to impose the liability of the workmen's compensation act

in pursuance of state policy enabled the state to prohibit any contract in evasion of it. The court further stated there could not be any election of remedies so as to bar the claim in New Jersey since the parties couldn't contract so as to modify the essential provisions of the statute according to New Jersey law.

■■ ■ Section 6998-21, Miss. Code 1942, Rec., Sec. 15 of the original act, provides in part: "No agreement by an employee to waive his right to compensation under this act shall be valid." Therefore the specific provision in Mississippi's act that no agreement by an employee to waive his rights under the Mississippi act could be valid would prevent any Georgia contract from effectively barring a claim in Mississippi.

In the case of Industrial Indemnity Exchange v. Industrial Accident Commission, 80 Cal. App. 2d 480, 182 P. 2d 309, decided in 1947, the California employer and the Utah insurance carrier accepted liability without any award and made payments to an employee who was employed under a California contract of employment and was injured while working under it in the State of Utah. The Utah payment was pled in bar of a subsequent California claim. It was held by the California court that claimant's acceptance of voluntary payment did not waive his right to apply for and receive compensation in California nor did it amount to an election of remedies but that payment made under Utah proceedings would be credited to the California award. It was said in that case: "In the instant case there was no formal award in Utah, hence no question of formal judgment is involved nor anything in the nature of an adjudication."

And to the same effect see Cline v. Byrne Door, Inc., 324 Mich. 540, 37 N. W. 2d 630, 8 A. L. R. 2d 617, decided in 1949. The party to a Michigan contract of employment was a resident of that state but his injury occurred in Florida. It was held that voluntary payments of

compensation by the carrier was not a bar to claim for compensation under the Michigan statute. In accordance with its holding that there was no award of compensation by virtue of voluntary payment which would bar an award in the state where the contract was made, the Court pointed out that the award for payment of additional and surgical care by the Florida Commission as provided under the act was not an award of compensation and thus was no bar to the instant proceeding. The court pointed out that the proper credit should be given in the Michigan proceeding to the payment under the Florida act and this was all that the full faith and credit required. In the order of the Commission of Mississippi in this case they gave proper credit for the $480 compensation paid in Georgia and as well as the $1,500 for medical expenses.

We are not confronted with the question of double awards being allowed.

In Larson's Workmen's Compensation Law, Vol. 2, p. 358, Sec. 85.00, Successive Awards in Different States, it is said: ''More than one statute can apply to a single compensable injury, so long as each state has a relevant interest in the case. Successive awards can be made in different states, deducting the amount of the first award from the second.

''Sec. 85.10 The 'Magnolia' doctrine

'' An appraisal of the present rule on successive awards in different states must take the form of an analysis of two Supreme Court decisions, the *McCartin* case (330 U. S. 622, 67 S. Ct. 886, 91 L. Ed. 1140, 169 A. L. R. 1179) and the *Magnolia* case (320 U. S. 430, 64 S. Ct. 208, 88 L. Ed. 149, 150 A. L. R. 413). It is now generally accepted that the *McCartin* case, in practical effect, has recognized the principle of successive awards and thereby discredited the *Magnolia* case, which had held on its facts that a prior Texas award was a constitutional

bar to an award in Louisiana of the amount by which the Louisiana benefits exceeded those allowed by Texas.

"Since, however, the *McCartin* case did not expressly overrule the *Magnolia* case, it is necessary to scrutinize the two opinions with some care, to see whether the *McCartin* case has indeed established a successive-award principle of general applicability.

"The story up to the time of the *McCartin* case can be quickly told. The state courts, with virtual unanimity, had held or assumed that a prior award under the laws of another state was no bar to an award under local law made in accordance with the local law's own standards of applicability, always, of course, with the understanding that the claimant could not have a complete double recovery but must deduct from his present recovery the amount of the prior award.

"'* * *

"Sec. 85.20 The 'McCartin' doctrine

"Four years later, the *McCartin* case, in which the Supreme Court of Wisconsin, on the strength of the *Magnolia* doctrine, had denied a supplementary recovery in Wisconsin after an Illinois award, reached the Supreme Court of the United States. Here an Illinois resident had made a contract of employment with an Illinois employer in Illinois, pursuant to which he did some work in Wisconsin, in the course of which he was injured. He began compensation proceedings in both states. While the Wisconsin proceedings were pending, the Illinois commission issued a formal order approving a settlement agreement under Illinois law, and full payment was made under the order. The settlement contract, however, contained this sentence: 'This settlement does not affect any rights that applicant may have under the Workmen's Compensation Act of the State of Wisconsin.'

"The Supreme Court of the United States, this time by unanimous vote, reinstated the Wisconsin award,

distinguishing the *Magnolia* case. The primary ground of distinction was not, however, the express reservation of Wisconsin rights, but the absence in the Illinois statute or case law of an explicit prohibition against seeking additional or alternative relief under the laws of another state. Since the vast majority of compensation laws resemble the Illinois law in this respect, the decision has been taken to mean that for all practical purposes successive awards are now sanctioned. The amendment of the Restatement, designed to bring it into harmony with these decisions, adopted this interpretation by using the following language:

" 'Award already had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, unless the Act where the award was made was designed to preclude the recovery of an award under any other Act, but the amount paid on a prior award will be credited on the second award.'

" * * *

"Sec. 85.50 Prior voluntary payment or denial

"Several variants of the successive-award problem may be mentioned in each of which the facts are much stronger than in the *McCartin* case and, in which, *a fortiori,* the first proceedings have been held not to prejudice the second. Several cases, both before and after McCartin, have held that a prior voluntary payment of compensation accepted by the employee under the laws of one state does not detract from the employee's statutory right to an award in another state, whether the agreement for compensation had received Commission approval or not. Similarly, when the employee has not applied for compensation, but an award has been entered at the *ex parte* request of the employer, even Texas, with its express statute forbidding an award to one who has 'elected to pursue his remedy' in another state, permits a supplementary award."

Headnote No. 1, in Franklin v. George P. Livermore, Inc., 58 N. M. 349, 270 P. 2d 983, states: "Extra territorial section of New Mexico Workmen's Compensation Act indicates legislative intent that any employee hired in New Mexico to work exclusively in another state is to be covered by the Act for at least six months after leaving state as result of his employment, unless his assignment to work in other state could be classified as permanent, and thus resident compensation claimant, hired in New Mexico to work in Texas as a 'roughneck' in well drilling operations, an extra-hazardous pursuit, was an employee entitled to recover, when injured less than six months later while engaging in the work in Texas." It further held that "there is no merit in the final contention made by the appellants that the claimant waived any rights he had under the New Mexico Compensation Act by accepting compensation payments under the Texas Act. Inasmuch as the payments were made and accepted voluntarily, this would hardly constitute an election on the part of the claimant to pursue his remedy exclusively in Texas."

In Tucker v. Texas Co., 203 F. 2d 918, it was held: "An employee may constitutionally seek compensation under the workmen's compensation laws of either the state of his contract or the state of his injury, and may even seek recovery under acts of both states, if act under which he secures his first recovery does not in terms make its award final and exclusive."

A series of decisions by the Supreme Court of the United States over the course of years has established that an employee may constitutionally seek compensation under the Workmen's Compensation Laws of either the state of his contract or the state of his injury and may even seek recovery under the acts of both states if the act under which he secures his first recovery does not in terms make its award final and exclusive. Cf.

Bradford Electric Light Co., Inc. v. Clapper, Administratrix, 286 U. S. 145, 52 S. Ct. 571, 76 L. Ed. 1026.

In the case of Cook v. Minneapolis Bridge Construction Co., decided in 1950, 43 N. W. 2d 792, it was held: "The question for our determination then boils down to this: Is the workmen's compensation statute of North Dakota, under which employe here collected benefits, completely exclusive so as to foreclose an additional award under the laws of Minnesota?

"The North Dakota statutes involved read as follows:

" 'An employer securing the payment of compensation to his employees by contributing premiums to the fund shall be relieved thereby of all liability for personal injuries or death sustained by his employees, and the persons entitled to compensation * * * shall have recourse therefor only to the fund and not to the employer.

" 'The payment of compensation or other benefits by the bureau to an injured employee, * * * shall be in lieu of any and all rights of action whatsoever * * *.'

"Although the language used in the Illinois act, supra, is milder than that of the North Dakota act, still the import is the same. There is nothing in the language of the North Dakota act which makes it completely exclusive so as to preclude recovery by proceedings in another state, where the employe and employer resided and where the contract of employment was consummated. And as said in the McCartin case, 330 U. S. 628, 67 S. Ct. 889, 91 L. Ed. 1144, 'in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted, * * * we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction'."

Probably the most convincing case was recently decided November 6, 1961, by the Supreme Court of Ark-

ansas, entitled McGehee Hatchery Co. v. Keeno R. Gunter, 350 S. W. 2d 608. Claim of workmen's compensation benefits was made by a Mississippi resident who was injured in a Mississippi traffic accident while employed by a Mississippi concern but who was also employed at the same time by an Arkansas concern as a traveling salesman. The claimant first received benefits under the Mississippi statute for medical and hospital expenses and for disability based upon the Mississippi salary and later instituted the instant proceedings under the Arkansas statute. The Circuit Court, Second Division, of Pulaski County reversed the Commission's dismissal of the claim and ordered that the entire claim be considered on the merits and the employer appealed. The Supreme Court held that the Commission was entitled to consider on the merits the claim for compensation for loss of the claimant's Arkansas earnings but was not entitled to a duplicate award for hospital and medical expenses which had already been paid in full by the Mississippi employer. ''Our holding in the Butler case does not bar the present proceeding. There we considered ourselves bound by the decision in the Magnolia Petroleum Co. v. Hunt, 320 U. S. 430, 88 L. Ed. 149, 64 S. Ct. 208, 150 A. L. R. 413, where the Supreme Court had declared that the allowance of workmen's compensation claim in Texas constituted, under the full faith and credit clause, a complete defense to the assertion of the same claim in Louisiana. But later on the Hunt case was very nearly overruled by the holding in Industrial Comm. of Wisconsin v. McCartin, 330 U. S. 622, 91 L. Ed. 1140, 67 S. Ct. 886, 169 A. L. R. 1179, where the court held that the second claim would be barred only if the law of the first state so declared, which is not the situation in the case at bar. For a discussion of all three prior cases see LeFlar, Conflict of Laws, 3 Ark. L. Rev. 18, where the author concludes: 'In the light of the later (McCartin) case, it seems that

the second award, such as was sought in Arkansas in the Butler case, is permissible if it is not barred by the terms of the first award. Of course there can be no double recovery, however; only the difference by which the second award is greater than the first may be recovered.'

"This possibility of a double recovery presents the second question in the case. Where there is only a single employer the imposition of duplicate liability under the applicable law of two states is universally condemned. 'To allow double recovery is contrary to one of the fundamental principles of workmen's compensation.' (numerous cases cited), the second claim has been rejected as a matter of policy. In the great majority of cases, however, the smaller award is merely credited upon the larger one. (citing cases). In the only case allowing a double recovery against the same employer, Texas Employers' Ins. Association v. Price, Tex. Civ. App., 300 S. W. 667, the court pointed out that the total amount of the two disability awards did not equal the employee's wages; so he was receiving less than full compensation. Within less than a year after the Price decision was rendered the Texas statute was amended to expressly prohibit a double recovery."

 From the cases cited, it follows that an award already had under another state will not bar a proceeding under the Mississippi Workmen's Compensation Act, unless the Act where the award was made was designed to preclude the recovery of an award under our Act, where the amount paid on the prior award is credited on the second award. The Mississippi Commission credited the award allowed in Georgia in granting this award in Mississippi. We find that the Georgia Act does not bar a recovery in the State of Mississippi, or in any way make the Georgia Act exclusive as to an award. Some states, by their acts, make an award in their state exclusive and so state in the act. ██ ■

We are of the opinion that the Mississippi Commission was correct in making the award to the appellee when it gave credit to the amount paid under the Georgia Act.

■■ ■ We are of the opinion that the ten per cent penalty awarded the appellee should not have been allowed. Under Sec. 6998-19(e), Code of 1942, Rec., of the Workmen's Compensation Act, our courts hold that the penalty is properly imposed upon an employer who, though reporting the alleged injury, neither paid compensation nor controverted the claim. Maloney Construction Co. v. Strickland, 114 So. 2d 851. The appellee's claim was voluntarily allowed under the Georgia Act and appellee signed a settlement agreement. Sometime later the case was filed in Mississippi and it appears from the record that it was immediately controverted by a motion to dismiss setting forth that there had been an allowance under the Georgia Act. We feel that the appellants were justified in believing that the claim had been fully settled even though the appellee had a lawful claim under the Mississippi Act. We believe that it would be unjust to allow the penalty under the facts in this case.

The case is therefore affirmed as to the award made by the Commission and the circuit court except as to the penalty, which is denied.

Affirmed in part, reversed in part, and remanded to Workmen's Compensation Commission.

*McGehee, C. J., and Gillespie, Rodgers and Jones, JJ.,* concur.