INZER, Justice:
Appellee, Henry Galatas, brought suit in the Circuit Court of Jefferson Davis County against United Contracting Company, Manuel Calderara and Joseph Craft, seeking to recover damages for personal injuries alleged to have resulted from an automobile collision that occurred in that county. All of the defendants answered and denied liability. United Contracting and Calderara affirmatively plead that at the time of the accident Galatas was an officer and employee of the United Contracting Company, Inc., and that both Calderara, who was president of the corporation, and Galatas were acting for and on behalf of United Contracting Company, and were in the scope of their employment. Thus the exclusive remedy of Galatas insofar as United Contracting Company and Calderara were concerned was under either the Mississippi Workmen’s Compensation Law or the Employee Compensation Law of the State of Louisiana. Galatas did not answer this special plea.
Bituminous Casualty Corporation filed a petition to intervene in the cause, and in its petition it alleged that it had issued a policy of Workmen’s Compensation Insurance to United Contracting Company, Inc. on October 30, 1959, and at the time of the accident this policy was in full force and effect. It further alleged that as a result of the accident and pursuant to the terms of the policy, it had paid for the benefit of Gal-atas $268.80, representing hospital and medical expense. The petition alleged that it was entitled under the provisions of Mississippi Code Annotated section 6998-36 (1952) to be subrogated to the rights of Galatas to the extent of the amount paid for his benefit. A copy of the policy was attached to the petition. No answer was filed to this petition, and insofar as the record shows, no order was entered relative to the petition.
Henry Galatas was injured in an automobile collision that occurred about 4 p. m. on April 3, 1960, at Gwinville Crossing on Highway No. 13, north of Prentiss, Mississippi. He was riding in his own automobile which was being driven by Manuel Cal-derara, president and sole owner of the corporation that employed Galatas. This automobile collided with an automobile driven by Joseph Craft. Craft had entered the intersection and had made or was making a left turn to go north on the highway. The collision occurred in the east lane of the highway. As a result of the collision, Galatas was injured and was carried to the hospital.
The trial judge sustained a motion for a peremptory instruction in favor of Joseph Craft, and no appeal was taken by the ap-pellee, Henry Galatas, from this order. The trial judge granted a peremptory instruction in favor of Galatas instructing the jury to find in his favor against Calderara and United Contracting as to liability. The question of damages was submitted to the jury, and the jury returned a verdict in *80 favor of Galatas and fixed his damages at $50,000. From this judgment United Contracting and Calderara appeal.
The principal assignment of error on this appeal is that the trial court was in error in refusing to grant the motion of United Contracting and Calderara for a peremptory instruction at the conclusion of the evidence. The basis for this motion was that the proof showed that at the time of the accident Galatas was an employee of United Contracting Company, Inc.; he and Calderara were on company business; Gala-tas’ injuries arose out of and in the course of his employment; and therefore, his exclusive remedy was under the provisions of the Employee Compensation Law of Louisiana.
The proof relative to this issue reveals that United Contracting is a Louisiana corporation and that Calderara is its president and only stockholder. When the corporation was organized, Galatas was named as vice president of the corporation, but at the time of the accident he owned no stock in the corporation, and his connection with the corporation was as construction superintendent. He said he worked on a salary.
The corporation was engaged in the business of doing construction work. During the week preceding the accident, Galatas had been in Memphis, Tennessee on behalf of the company, seeking to secure contracts to do rehabilitation work on navy barracks at Millington, Tennessee. He was successful in securing the contracts, and he returned to New Orleans on Friday. It was his intention to return to Memphis on Sunday and begin work at Millington on Monday. He testified that he came back to New Orleans to pick up his car so that it would be available for use in going back and forth to the job.
Calderara suggested that instead of using one of the cars belonging to the company to transport some equipment necessary to set up office in Memphis, he, Cal-derara, would use Galatas’ car to transport the equipment, and he, Calderara, would drive the car, and fly back to New Orleans on Wednesday. Galatas agreed to this arrangement. His car had been used on other occasions on business for the company. Calderara had the equipment loaded in the car, and at the time of the accident Cal-derara was driving the car.
Galatas testified that they were going to Memphis on company business. He said he was taking his car to Memphis so it could be used on the job. He also said he was about the business of the company as superintendent of the company at the time of the accident. He was asked on cross-examination whether the medical and hospital bills were paid by Bituminous Casualty Corporation, and he said he did not know who paid the bills, that he did not pay them. He denied that he made any claim for workmen’s compensation.
Calderara testified that although Galatas was named on paper as vice president of the corporation, he had no control or supervision over the corporation, and that he was an employee. He said that their business was to take the office equipment and other equipment to Memphis to be used in the Memphis area, and that the trip was for the benefit of the company.
We are of the opinion that the foregoing evidence establishes that Galatas’ injury arose out of and in the course of his employment. He contends that where injury occurs when the employee is going to or returning from his regular place of work and is off his employer’s premises, such an injury is not incident to the employment and is not compensable. However, there are exceptions to this general rule, and it is based upon the assumption that the employee works regular hours at a fixed place. This is not the case before us. Insofar as the evidence here reflects, Galatas had no regular place of employment. He was employed as superintendent and he worked at places where his employer could secure contracts.
According to the testimony, the purpose of the trip was not only to enable Galatas *81 to have his car at Millington to carry on his employer’s work, but also to transport office equipment to be used on the job. The employer, acting through its president, Cal-derara, was in control of the undertaking. Furthermore, Louisiana recognizes an exception to the general rule in cases where employees are injured while transporting their own vehicles to work when such vehicles are required in their employment. Malone, Louisiana Workmen’s Compensation § 173 (Supp.1964).
The State of Louisiana has provided by statute, as has this state, that the rights and remedies granted an employee under the Employee Compensation Law of Louisiana shall be exclusive of all other remedies. In Kenner v. Hanreco, Inc., 161 So.2d 142, 143 (La.App.1964), the Louisiana court said:
Compensation under the act is the exclusive remedy in cases covered by the act. As stated in Malone La. Work Comp., Section 361:
“ * * * the principle underlying the Compensation Act is a compromise whereby the employer surrenders the immunity against liability which he would otherwise enjoy in all cases where he was without fault, and, in return, the employee loses his right to full damages for his injury and accepts instead a limited sum by way of compensation. It is obvious that this mutual surrender by employer and employee could not be effectuated if either party were free to ignore the Act whenever it would be to his advantage to do so. For this reason, proceedings for compensation afford the exclusive remedy available to the parties within the area where the Act applies.”
This is clearly expressed in Section 34 of the act, which reads as follows:
“The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representative, dependents, or relations.” LSA-R.S. 23:1032.
The Louisiana cases interpreting the Employers’ Liability Act reflect that the courts of Louisiana give extra-territorial operation to the act. In the early case of Hargis v. McWilliams Co., 9 La.App. 108, 109, 119 So. 88, 89 (1928), the court said:
It is immaterial under the act where the work has to be done; the law looks to the workman, not to the place where the work is done. The workman is not deprived of protection of the law because the work is done outside of Louisiana.
Although the injuries occurred in this state, Galatas was covered by the Employers’ Act of Louisiana, and he was entitled to workmen’s compensation under the Louisiana act. Furthermore, we have held that the Mississippi Workmen’s Compensation Act applies to injuries sustained by employees while temporarily working in this state. In the case of Mandle v. Kelly, 229 Miss. 327, 90 So.2d 645, 92 So.2d 246 (1956), relied upon by Galatas, we held that the Mississippi Workmen’s Compensation Act applied to the employee while temporarily within this state, but held that the carrier in that case was not liable for the reason that the compensation insurance policy expressly limited liability to the application of the Georgia law. There is no such provision in the insurance policy here involved. In this case, since Galatas’ injury arose out of and in the course of his employment, he was entitled to workmen’s compensation under the Louisiana law. Furthermore, he would have been entitled to compensation under the Mississippi statute. This being true, workmen’s compensation was his exclusive remedy.
We hold that the circuit court was in error in refusing to grant the peremptory instruction requested by the appellant. This *82 case is reversed and judgment will be entered here for the appellant.
Reversed and judgment here for appellant.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.