BROOM, Justice,
for the Court:
Workmen’s compensation jurisdiction is the pivotal issue here where claimant Billy Joe Dunaway seeks benefits under coverage his employer purchased in Alabama. The Administrative Judge (AJ) ordered the carrier, Auto Owners Insurance Co., to pay benefits. After the full commission and the Circuit Court of Lee County affirmed the award, the carrier appeals here contending jurisdiction is lacking in Mississippi. We affirm.
Claimant received an injury in April 1972 while employed by Paul Harrelson, d/b/a H & H Construction Co., general contractor in the construction of a sanitary sewer system for the Town of Saltillo, Mississippi. Previously the employer had obtained a certificate of workmen’s compensation coverage from Lillie Pearl Johnson, the carrier’s agent in Vernon, Alabama. Language in the certificate indicated that the work was to be done in Mississippi. Harrelson testified that he told the Alabama agent (Johnson) that the work for which he sought coverage was in Saltillo, Mississippi. The agent was not produced to deny Harrelson’s testimony. Harrelson stated that he did not know whether the policy was a Mississippi workmen’s compensation policy.
Testimony of Nyle Clawson, the carrier’s claims manager, was that the policy applied only to the State of Alabama. Upon notice of Dunaway’s claim, the carrier for a time paid him benefits and filed its reports with the Alabama Department of Industrial Relations; no reports were filed in Mississippi. Reason given by the carrier for making payments under the Alabama Compensation Act was because the employer indicated that Dunaway was hired in Alabama and then transported to work in Mississippi. There were several claimants, and upon further investigation the carrier learned that Dunaway and other claimants were hired in Mississippi and did not work in Alabama. Therefore, the carrier discontinued compensation payments.
The carrier’s branch underwriting manager, Eugene Lee, testified as to issuance of the compensation policy upon the employer’s signed application. Language in the application was that the policy applied to workmen’s compensation law only in the State of Alabama, and admittedly the policy issued was an Alabama policy. According to Lee, the carrier did not do business in Mississippi and was not authorized to do such business. According to Lee’s testimony, the insurance certificate issued to the employer was not a policy, and the certificate contained a provision that it was subject to the terms, conditions, and exclusions of the policy. Lee denied that the carrier *1364 had issued a Mississippi workmen’s compensation policy to the employer, and his opinion was that acceptance of the application conferred coverage only in the State of Alabama. Upon the testimony outlined above, the AJ ordered payment of compensation by the carrier, and his order was affirmed by the full commission which held it had jurisdiction over the carrier. On appeal, affirmance of the commission’s order was ordered by the circuit judge.
DID THE MISSISSIPPI WORKMEN’S COMPENSATION COMMISSION LACK JURISDICTION OP CLAIMANT’S APPLICATION FOR WORKMEN’S COMPENSATION BENEFITS? The carrier relies mainly upon Mandle v. Kelly, 229 Miss. 327, 90 So.2d 645 (1956). Our analysis causes us to conclude that Mandle is factually vastly different and not controlling here. More in point is Hartford Acc. & Indemnity Co. v. Dalati, 340 So.2d 732 (Miss.1977), which held that workmen’s compensation in Mississippi was payable where the claimant was injured on a Mississippi job even though the policy in question stated that it applied to Louisiana. In that case we upheld Mississippi coverage largely because the Louisiana insurance agent told the employer, a Louisiana resident, that the employer was covered for the job in Mississippi.
In the instant case, the employer Harrel-son testified. Excerpted from his testimony are the following questions and answers:
Q. You don’t know whether or not your Alabama policy applies to this accident or not, do you?
A. I’m supposing it would. That’s what I went to see the agent about. That’s what I told her that I wanted [sic] for.
Q. Well, I mean if this case is filed in Alabama under the Workmen’s Compensation Act of Alabama, you don’t know—
A. I don’t know anything about filing. All I know is what my agent told me. That’s what I paid her my money, for what I want. And I relied on her to give me the correct insurance.
* * * * * *
Q. Were you aware of the fact that your insurance company actually accepted liability under the Alabama act and had you pay?
A. I don’t know anything about that. All [sic] I went to her and told her what I wanted, and she issued it. I paid her, and I relied on her ability to issue the right thing.
The above excerpts of his testimony show what he said on cross examination. His direct examination shows the following:
Q. Did you indicate to the agent of Auto Owners where the work was to be done?
A. Yes. I went to her on two separate occasions, maybe three separate occasions, to discuss this particular job. It was before the time it was bid, and during the time I was bidding, and after the contract was awarded.
Q. And where did you indicate the work was to be done?
A. Saltillo, Mississippi.
In the carrier’s rebuttal brief, the statement is made that “There was no verbal agreement that Auto Owners Insurance Company would provide coverage under the Mississippi Act.... ” We think the above testimony when considered along with the certificate establishes such an agreement, and we find no testimony that the Alabama agent lacked authority to bind the carrier.
The testimony in the case shows that when Harrelson (the employer) purchased the workmen’s compensation insurance in Alabama, he made it clear to the carrier's agent that the work was to be performed within Mississippi. This is shown on the certificate of insurance given to Harrelson. It is also true that the insurance certificate stated that it was subject to the terms, conditions, and exclusions of the policy. No *1365 testimony in the record indicated that the employer was advised of any exclusion that would apply on account of the work being done in Mississippi. Other testimony in the record is to the effect that on different and previous occasions Harrelson purchased insurance from the same agent for workmen’s compensation coverage “relative to workmen’s compensation in Mississippi.... ” There can be no doubt here that at the time the employer purchased the insurance, it was his understanding which was accepted and agreed to by the carrier’s agent that the coverage would extend to coverage of the employer’s workmen while they worked in Mississippi.
The State of Mississippi has a profound interest in injuries which occur within this state. Inasmuch as the carrier’s agent in Alabama agreed to and actually issued a certificate of insurance showing, on its face, that it would apply to the Mississippi work, the carrier should not be heard to say, based upon a separate instrument (the actual policy), that benefits under Mississippi Workmen’s Compensation Law are not available here to claimant Dunaway. From the testimony and circumstances revealed by the record, it is clear beyond all doubt that the specific purpose of the employer obtaining the insurance coverage was to provide protection for his employees while they were working in Mississippi. Aware of this the carrier’s agent issued the certificate which was paid for and relied upon by the employer. After receiving notice of the claimant’s injuries, the carrier made certain payments, and we think the award was rightfully made below. Affirmance ordered by the circuit judge was entirely correct requiring affirmance here.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.