BROOM, Justice,
for the Court:
Workmen’s compensation under Louisiana statutes was sought in the Chancery Court of the Second Judicial District of Jones County. Benefits pursuant to the Louisiana Workmen’s Compensation statutes were decreed, that is $85 weekly benefits less $63 weekly benefits previously paid under the Mississippi Act. Penalties and attorney’s fees were also decreed. On appeal here, the employer Southland Supply Company, Inc. (Southland herein) and the carrier United States Fidelity & Guaranty Company (USF&G herein) argue that the lower court erred in (i) assuming jurisdiction of the matter,[1] (ii) finding claimant totally and permanently disabled, and (iii) awarding penalties and attorney’s fees. We affirm in part.
Facts of the case establish that the claimant Patrick, a minor with a fifth grade education, dropped out of school at age sixteen. His employer Southland, a Mississippi corporation, has its principal place of business in Jones County. USF&G is a Maryland corporation qualified to do business in Mississippi. Patrick contracted and became employed by Southland within the State of Mississippi but temporarily went into the State of Louisiana working for Southland in the scope of his employment. The work in Louisiana appears to have been within the purview of USF&G’s coverage provided Southland for which a premium was paid. An accidental 50-foot fall (May 22, 1976) resulted in critical, serious, and disabling injuries at a time when he was receiving $2.75 per hour. He worked an average of 50.04 hours per week and had an average weekly wage of $138.11. His inju *79 ries included a multiple compression fracture of the dorsolumbar spine and other injuries. Based upon his injuries, the medical doctors testified that his body as a whole was 50/54% medically impaired. The lower court found that his medical impairment, considered along with his lack of education, training, and experience, resulted in a total occupational disability. After his injury, Patrick applied for and was paid (without controverting by USF&G) weekly benefits of $63 plus medical expenses as provided under the Mississippi Workmen’s Compensation statutes.
Appellants USF&G and Southland first argue that because claimant Patrick chose to seek compensation under the Mississippi law, he was precluded from later seeking compensation under the Louisiana statutes. On that basis in the lower court, they filed pleas in bar asserting res judicata and contended that the Mississippi court was without jurisdiction. The appellants rely upon Magnolia Petroleum Company v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed.2d 149 (1943), which held:
But when the employee who has recovered compensation for his injury in one state seeks a second recovery in another he may be met by the plea that full faith and credit requires that his demand, which has become res judicata in one state, must be recognized as such in every other. (320 U.S. at 437, 64 S.Ct. at 213). * * * * * *
Because there is a full faith and credit clause a defendant may not a second time challenge the validity of the plaintiff’s right which has ripened into a judgment and a plaintiff may not for his single cause of action secure a second or a greater recovery. (320 U.S. at 439-40, 64 S.Ct. at 214).
The quoted language in Magnolia would seemingly be support for the argument of the appellants, but that case has recently been overruled by Thomas v. Washington Gas Light Co., - U.S. -, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980). Other cases cited by USF&G and Southland are factually distinguishable. The U. S. Supreme Court in Thomas discussed the extra-territorial effects of judgments of one state as applied to situations similar to that in the present case and stated:
The Full Faith and Credit Clause should not be construed to preclude successive workmen’s compensation awards. Accordingly, Magnolia Petroleum Co. v. Hunt should be overruled. (100 S.Ct. at 2663).
We think the lower court correctly awarded Patrick benefits under the Louisiana Workmen’s Compensation law subject to credit for any amounts paid under the Mississippi Act. Martin v. L&A Contracting Co., 249 Miss. 441, 162 So.2d 870 (1964); Harrison Co. v. Norton, 244 Miss. 752, 146 So.2d 327 (1962).
Second argument is that the lower court erred in finding the claimant to be totally and permanently disabled. The lower court, based upon substantial expert medical testimony plus lay testimony, found that Patrick was and continued to be totally disabled since May 22, 1976, and unable to engage in any occupation or gainful employment for which he is reasonably fit by reason of education, training and experience. Medical testimony of Dr. Cook heard by the lower court was that the claimant could not engage in any type of employment without experiencing substantial pain and hazarding his health thereby causing him to be totally disabled from a functional or occupational standpoint. Considerably to the contrary were some aspects of the testimony of Dr. Blake. In L.S.A.-R.S. 23:1221(1) (Supp.1981), total disability is defined as the inability
of an employee to engage in any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, . . .
The statute has been interpreted by the Louisiana courts. Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App.3rd Cir. 1978), held:
*80 Our interpretation of the amended statute is that an injured employee is totally disabled if he is unable to pursue any gainful employment without experiencing substantial pain.
L.S.A.-R.S. 23:1221(2) (Supp.1981) states:
For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
The chancellor who heard the testimony resolved the conflicts favorably to the claimant and found that, in the tragic fall at his employment, Patrick incurred
permanent injuries, which consisted of multiple compression fractures of the dorsolumbar spine, including the vertebrae normally denominated as T6, T8, T12, LI, and L3; scoliosis or misalignment of the dorsolumbar spine secondary to said fractures; closed non-displaced fracture of the sacrum; closed comminut-ed displaced fracture of the right distal radius or wrist bone, with malposition and residual restriction of motion; open comminuted fracture of the right os calcis or heel bone, with second post traumatic arthritis of the joint and restriction of motion of the right ankle; closed commi-nuted fracture of the left os calcis, with residual post traumatic arthritis and restriction of motion of the left ankle and cosmetic deformity of the foot.
The chancellor further found
this medical impairment, in light of his education, training and experience, gives him an occupational disability which is total. The Court finds that Patrick has been since the injury totally disabled to engage in any occupation or gainful employment for which he is reasonably qualified by education and experience without experiencing substantial pain or danger to his health and wellbeing. He has suffered pain when required to engage in any mechanical or physical activities which required the use of his muscles, joints and bones, including standing longer than twenty minutes, walking for longer than thirty minutes, or with attempts to lift as much as twenty to thirty pounds. Body motion, such as bending, standing, walking, stooping or kneeling are apt to cause him pain. The injuries to his right wrist cause him pain if he attempts to lift more than ten pounds. He has lost some limited motion as a result of the injury to his wrist.
The appellants rely largely upon the case of Conlay v. Houston General Ins. Co., 370 So.2d 196 (La.App.3rd Cir. 1979) which held that a workman is totally disabled only when he is incapable of returning to any type of gainful employment whatsoever, or, although capable, he is unable to return to any gainful employment because of substantial pain.
As noted by appellee’s brief, in Conlay the claimant indicated that he was willing to accept a job in which he could be seated and work with his hands. In that case there was not established any physical limitations on his ability to sit and work without pain while seated. To the contrary in the instant case, the testimony is uncontra-dicted that Patrick suffers pain when he is required to engage in almost any type mechanical or physical activity which requires him to use his muscles, joints, and bones, or which requires him to stand over a few minutes at a time, or to walk thirty minutes, or to bend, sit, walk, stoop, squat, twist, turn, or kneel.
In his testimony, among other things, Dr. Cook testified:
Literally what happened in Mr. Patrick’s situation was the heel bone was literally driven up into the ankle bone, almost obliterating the joint between the two bones. The joint surface is rough and when the joint is used will generally become painful.
Dr. Cook by stipulation was testifying as an expert in the field of orthopedic surgery. *81 He indicated that Patrick would experience more pain as the years go by in just manipulating and using his body. Conlay does not consider the factor of educational qualifications as did the case of Ashworth v. Elton Pickering, Inc., 361 So.2d 940 (La.App.3rd Cir. 1978). In Ashworth, the Louisiana court held:
The plaintiff has no reasonable ability to engage in any gainful occupation, in his physical condition. This is consistent with the legislative intent to bring into focus the economic realities of the situation. We make our decision without considering the plaintiff’s education, training or experience, but we note that the legislature was restrictive in the language it used in the 1975 amendment relating thereto. The amendment states:
“whether or not an occupation for which the employee, at the time of the injury was particularly fitted by reason of education, training, and experience.” (Emphasis by the Louisiana court).
Based on the expert medical testimony accepted by the chancellor, he found as fact that Patrick is and has been since May 22, 1976, totally disabled to engage in any occupation or gainful employment for which he is fit by reason of education, training and experience. According to the medical testimony, Patrick cannot engage in any type of employment without experiencing substantial pain and other danger to his health and well being therefore making him totally disabled from a functional or occupational point of view. Such disability was established by the degree of his medical impairment, the nature and severity of his injuries, his lack of education and technical or job-related training, and other related factors. That Patrick has no reasonable ability to engage in any gainful occupation in his physical condition, with his education and other limitations taken into account, was demonstrated by substantial evidence which the chancellor chose not to reject.
Appellant points out that Patrick’s employer, Southland, offered Patrick a job within the limitations of his medical impairment. Claimant’s position was that he was not able to do the “janitorial work, work with Donald in the warehouse, going to the bus, going to pick up things and things like that” offered him. No evidence establishes that the claimant is a malingerer because it is beyond question tthat his injuries are extensively disabling. He tried various physical activities but had to refrain from them because of pain.
We are unable to say upon the record that the chancellor erred in finding Patrick to be totally and permanently disabled.
Lastly the argument is made by USF&G and the employer Southland that the lower court erred in awarding penalties and attorney’s fees. L.S.A.-R.S. 23:1201.2 A. provides for penalties where the failure to pay compensation is “arbitrary, capricious, or without probable cause.” The record here does not show such a failure to pay benefits, but to the contrary the “failure to pay” was based upon at least logically arguable grounds. Accordingly we must reverse as to the award of penalties and attorney’s fees.
AFFIRMED AS TO DISABILITY BENEFITS; REVERSED AND RENDERED AS TO PENALTIES AND ATTORNEY’S FEES.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.

. Jurisdictional argument asserted below by Southland and USF&G was three-fold: (a) recovery under Louisiana law is barred because Patrick first elected to claim under Mississippi law, (b) Patrick’s claim under Mississippi law is res judicata against the present Louisiana claim, and (c) Louisiana is the only proper forum state.