MARTIN *v.* L. & A. CONTRACTING COMPANY, et al.

No. 42995 April 20, 1964 162 So. 2d 870

*William R. Bradley,* Clarksdale, for appellant.

*Brewer, Brewer & Luckett,* Clarksdale, for appellee.

ETHRIDGE, J.

The Workmen's Compensation Commission, affirming its attorney referee, denied the claim of Sam Martin, appellant, for compensation benefits on the ground the claim was barred by the two-year statute of limitation. The circuit court affirmed. Considering whether the act applies under the particular circumstances, and its tolling by waiver and estoppel to plead it, we hold the statute of limitation does not bar this claim.

In 1956 Martin was employed in this state by L. & A. Contracting Company, Hattiesburg, Mississippi. In January 1959 the company sent him to Florida to do a temporary job, and on March 17, 1959 he was injured while working in that state. After emergency treatment, he was flown to Mississippi in a company plane and taken to his home in Grenada. The Hattiesburg office of the employer completed a notice of injury (on a Mississippi commission form) and submitted it to the Florida Industrial Commission immediately after the accident. Martin was provided medical treatments and received compensation under the Florida act for temporary total disability for 45 weeks at $35 per week, from the date of injury until February 1, 1960. He was then paid 87.5 weeks or 25% of 350 weeks at $35 per week, for a total of $3,062.50, as permanent partial disability benefits under the Florida act. The last payment of compensation was on October 15, 1961. He has been unable to work since the date of his injury to his back. He is 45 years old, with a fourth grade education.

In short, after claimant was injured on March 17, 1959, the employer and carrier filed notice of the injury with the Florida Industrial Commission, and began making voluntary payments of compensation to him under the Florida act, at the rate of $35 a week, which is the same weekly amount payable under the Mississippi act.

After payments of compensation under the Florida

act ended on October 15, 1961, claimant wrote U.S.F. & G.'s office in Greenwood, from which payments under the Florida statute had been received, to determine why they were stopped. He consulted an attorney at Grenada, a member of the Mississippi commission, and then employed the attorney of record in this case, who after investigating the matter filed the present claim for compensation with the Mississippi commission on December 27, 1962. Martin testified he did not know he was being paid under the Florida compensation act, and did not remember receiving any form to that effect from the Florida commission. The only document in the record indicating any notice to him that benefits were paid under the Florida act was a notice signed by the insurance carrier to the Florida Industrial Commission, dated March 27, 1959, that payments of compensation to Martin had begun, and on the bottom of that form is "cc: Sam Martin." Martin said he did not remember receiving that or any other paper concerning the Florida commission.

On July 3, 1959 claimant wrote the adjuster for U.S.F. & G. in Greenwood, Mississippi inquiring about the reason for his failure to receive compensation checks for three weeks. The adjuster wrote him on July 6, 1959 that his claim was "currently being handled by our West Palm Beach, Florida office and as such they will be the one to mail your check out." The adjuster was writing the Florida office to determine why Martin had not received the checks. "A reply from this office will be forthcoming in the very near future." The foregoing was the only evidence indicating any notice to Martin of the fact that he was receiving benefits under the Florida compensation act. All checks, with a few exceptions, were sent to him from a Greenwood, Mississippi claim office of U.S.F. & G., the insurance carrier. Payments under the Florida act were voluntary payments. Claimant never signed any instrument relative to any claim in Florida.

Section 28 of the Workmen's Compensation Act (Miss. Code 1942, Rec., § 6998-34) requires the employer to make a report to the Mississippi commission within ten days after the occurrence of an injury, on a form approved by the commission, setting forth certain prescribed facts. The employer and insurance carrier failed to make any such report and notice of injury to the Mississippi commission.

■■ ■ Furthermore, under section 49 of the act (Miss. Code § 6998-55), Martin was entitled to compensation benefits under the Mississippi act. He was hired and regularly employed in this state, and received an injury by accident while temporarily employed out of this state. Section 49 states that the act "shall apply" to injuries received by an employee within six months after leaving this state. Hence Martin was entitled to compensation benefits under the Mississippi act, and the employer and carrier failed to comply with their statutory duty to give notice of the injury to the Mississippi commission. Instead, they began making voluntary payments of compensation benefits to claimant under the Florida Workmen's Compensation Act, under which weekly benefits were the same as those under the Mississippi act.

The commission held the claim was barred by section 12(a) of the Mississippi act. Miss. Code 1942, Rec., § 6998-18. It first provides that the employer must have actual notice of the injury. Appellees had such notice. The statute then states:

"Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred."

■■ ■ It is settled that more than one statute can apply to a single compensable injury, so long as each state has a relevant interest in the case. Accordingly,

successive awards can be made in different states, deducting the amount of the first award from the second. The Harrison Co. v. Norton, 244 Miss. 752, 146 So. 2d 327 (1962); 2 Larson, Workmen's Compensation, § 85 et seq.

 ██ *First.* The two-year limitation comes into effect only upon two conditions: (1) if no payment of compensation (other than medical treatment or burial expense) is made; and (2) if no application for benefits has been filed with the commission within two years from the date of injury or death. The first condition precedent to operation of this limitation statute does not exist here. Payments of compensation were made by appellees, the employer and insurance carrier up through October 15, 1961. The two-year statute of limitation did not begin to run until that date. Section 12 does not restrict the payment of compensation for a particular injury to compensation under the Mississippi act. It requires that there must be "no payment of compensation." Payment of compensation for the particular injury to Martin under the Florida act, made by the employer and the same insurance carrier who covered the employer's operations in both states, constituted such payment of compensation under section 12. Therefore the statute did not run during the period of the payment of such compensation. The act does not limit compensation to that payable under the Mississippi act. Apparently the legislature did not intend to qualify this phrase, since it did not do so.

In brief, because appellees paid Florida compensation benefits until October 15, 1961, the statute of limitations under section 12 did not run up to that time, according to its express provision; and the two-year period for filing claim under the Mississippi act began running only on the latter date. Cf. Aetna Cas. & Sur. Co. v. Jordan, 234 Ark. 339, 352 S. W. 2d 75 (1961) (tolling

the statute until termination of suit in other state, under provision similar to section 12(c) of Miss. act).

Second. Even if the express terms of section 12(a) did not prevent running of the statute of limitation (and we have held that it does), appellees would be estopped from denying that the statute was tolled while they were voluntarily paying claimant compensation benefits under the Florida act. They failed to comply with section 28 requiring the employer to make a report of the injury to the Mississippi commission, although Martin was covered under it. Appellees must have been well aware of this fact. Martin was not. Yet appellees failed to perform this duty imposed by section 28. Instead they chose to file notice of injury under the Florida act, in which benefits were substantially less. It would be inconsistent with the purposes of sections 28 and 49, and inequitable to an employee, for appellees to take advantage of their failure to perform their duty to give notice of injury, and to choose the compensation act which would provide the least compensation for his work-connected injury.

Claimant's conduct, in refraining from filing a claim as long as he was receiving compensation, was reasonable. He had no occasion to make a claim under the Mississippi act sooner. He did not know that benefits which he received were under the Florida act. Voluntary payment of compensation under these circumstances constituted a waiver of formal claim, and rendered claimant's delay reasonable. 2 Larson, Workmen's Compensation Law, §§ 78.43(c), 78.70. This is in accord with the analogous rule that payments of wages toll the limitation statute, if they were made on account of a recognition of compensation liability. Ibid., § 78.43 (c). The payment of compensation under the Florida statute tolled the Mississippi limitation act, if it was intended to be made on account of compensation liability, or if the employee reasonably believed it was so

intended. Both of these alternative circumstances existed here. To the same effect on waiver and estoppel are 100 C.J.S., Workmen's Compensation, § 483; 12 Schneider, Workmen's Compensation (1960), §§ 2370, 2376.

In Dawson v. Delta Western Exploration Co., Inc., 245 Miss. 335, 147 So. 2d 485 (1963), estoppel was applied to an employer which violated its contractually assumed duty to give notice that its employee was temporarily working out of the state for more than six months. Here as in *Dawson* this state has a legitimate interest in imposing a rule of compensation liability under the Mississippi act, where the injured employee is a resident of this state, temporarily working out of it under a Mississippi contract of employment. See 100 C.J.S., Workmen's Compensation, § 475; 12 Schneider, ibid., § 2370 (estoppel for failure to report injury). We do not hold that failure to comply with section 28 (requiring employer to give notice to commission) alone would estop the employer from relying on the statute of limitation. The most important factor here is that appellees voluntarily paid compensation to claimant, and this constituted a waiver of formal claim, estopping appellees from asserting the contrary.

For both of the above reasons, the judgment of the circuit court, affirming the order of the commission, is reversed, the commission's order is set aside, and the cause is remanded to the commission for further proceedings consistent with this opinion. Martin's claim for compensation benefits under the Mississippi act is not barred by the two-year statute of limitation.

Reversed and remanded to Workmen's Compensation Commission.

*Kyle, P. J., and McElroy, Rodgers and Brady, JJ.,* concur.