## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 95-CA-00912-SCT

*DAVID MICHAEL HOLBROOK, BY AND THROUGH*
*MICHAEL AND DEBORAH HOLBROOK, HIS*
*PARENTS AND HIS PERSONAL*
*REPRESENTATIVES; AND PAUL S. MINOR,*
*ESQUIRE*

*v.*

*ALBRIGHT MOBILE HOMES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/95 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | PAUL S. MINOR |
| ATTORNEY FOR APPELLEE: | RICHARD P. SALLOUM |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 11/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/11/97 |

### BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.

### MILLS, JUSTICE, FOR THE COURT:

¶1. The Circuit Court of Harrison County granted Albright's motion for summary judgment on August 24, 1995. The parents of David Michael Holbrook had filed an action for wrongful death or, in the alternative, bad faith refusal to pay workers' compensation benefits for the death of their son. Because Albright failed to timely report the incident as required by Miss. Code Ann. § 71-3-67 (1995), and because Albright may have misled the Holbrooks concerning the existence of workers' compensation coverage, we hold that there are genuine issues of material fact as to whether the statute of limitations was tolled and whether Albright was equitably estopped from asserting a defense based on the statute of limitations. We reverse and remand to the trial court for further proceedings consistent with this opinion.

### FACTS

¶2. David Michael Holbrook ("David") was an employee of Albright Mobile Homes, Inc. ("Albright") , a Mississippi corporation with its principal place of business located in Harrison County, Mississippi. In 1990, Albright was awarded a contract by the Federal Emergency Management Agency to set up some 200 trailer homes on the island of St. Croix in the U.S. Virgin Islands for the benefits of persons left homeless in the wake of Hurricane Hugo. On June 26, 1990, David was temporarily assigned to this project. On June 27, 1990, David was electrocuted and killed when the trailer upon which he was working became energized by a "hot" wire that came into contact with a neutral wire.

¶3. As it appears from the record, the parents of David (the "Holbrooks") never filed a claim with the Mississippi Workers' Compensation Commission ("Commission"). Albright did not file the statutorily-required report of David's death with the Commission until August 28, 1992. On September 3, 1992, the United States Fidelity and Guaranty Company ("USF&G") notified the Holbrooks' attorney that it was Albright's workers' compensation carrier. The letter stated, however, that because no claim had been filed with the Commission within two years of David's death as required by Miss. Code Ann. § 71-3-35, USF&G was denying any benefits to the estate of David Holbrook. On June 25, 1993, the Holbrooks filed a civil action in the circuit court against Albright and others for the wrongful death of David Holbrook or, in the alternative, for the bad faith refusal to pay workers' compensation benefits for David's death.

¶4. During the course of discovery, Albright answered interrogatories in which it admitted to having an insurance policy of workers' compensation coverage on the date of David's death. On January 31, 1994, Albright moved for summary judgment on grounds that the Holbrooks' exclusive remedy lay under the Mississippi Workers' Compensation Act. On May 8, 1995, Albright filed an amended motion for summary judgment and for sanctions pursuant to Miss.R.Civ.P. 11 and the Litigation Accountability Act. The trial court initially granted the motion for summary judgment on June 2, 1995, finding that Albright was entitled to tort immunity based on its insurance coverage at the time of David's death. An order granting the motion was entered but, on June 16, 1995, the trial court granted the Holbrooks additional time to file a motion to reconsider. A motion to reconsider was filed June 28, 1995, and a motion for an evidentiary hearing on the matter of sanctions was filed July 21, 1995. The trial court denied the motions on August 4, 1995. An amended Miss.R.Civ.P. 54(b) certificate was entered by the trial court on August 29, 1995, which certified that summary judgment had been granted in favor of Albright only.

## ANALYSIS

### I.

¶5. At the outset, it is important to remember that the provisions of the Mississippi Workers' Compensation Act are to be construed liberally and that "doubtful cases are to be resolved in favor of compensation so that the beneficent purposes of the act may be achieved." ***Robinson v. Packard Electric Division*, 523 So. 2d 329, 332 (Miss. 1988)**. Miss. Code Ann. § 71-3-35 (1995) provides generally that any claim not made within two years of date of injury or death shall be barred. However, Miss. Code Ann. § 71-3-67 (1995) requires an employer, if self-insured, or its insurance carrier to file a report with the commission within ten days after the fatal termination of any injury. Albright contends that it was insured on the date of David's death but the company filed no report

with the Commission until more than two years later. The Holbrooks argue that representatives of Albright made statements to them and their attorneys that Albright had no insurance.

¶6. This Court has previously found that an employer and its insurance carrier would be estopped from denying that the two-year statute of limitations was tolled where they failed to comply with the notice requirement of the act. *Martin v. L. & A. Contracting Co.,* **249 Miss. 441, 162 So. 2d 870 (1964)**. In that case, the employee brought a claim which was denied by the Commission as time-barred by the two-year statute of limitations. This Court reversed and remanded after finding that it would be inconsistent with the purposes of the act and inequitable to the employee to allow the employer and its insurance carrier to take advantage of their failure to perform their duty to give notice to the Commission. *Id.* at 448, 162 So.2d at 872. Albright too should be estopped from claiming that the two-year statute of limitations was not tolled, given its own failure to timely file the statutorily-required notice.

¶7. This Court has also held that the statute of limitations is tolled where the employer misrepresents the nature and existence of its coverage and the employee relies on such statements. *Casey v. Deeson Cash Grocery*, **246 So. 2d 534, 535 (Miss. 1971)**. In the present case, the Holbrooks submitted affidavits that they and their attorneys had been told by Albright representatives that there was no insurance policy against which they could make a claim for death benefits. Whether or not Albright misled the Holbrooks into believing that no insurance policy was in effect is also relevant to the issue of whether or not the trial court should have granted summary judgment.

II.

¶8. This Court conducts a de novo review of a lower court's decision to grant summary judgment. *Allen v. Mac Tools Inc.*, **671 So. 2d 636, 640 (Miss. 1996)**; *National Farmers Union Property & Casualty Co. v. First Columbus National Bank,* **669 So. 2d 767, 769 (Miss. 1996)**. It is well settled that a "motion for summary judgment should be overruled unless the trial court finds ... that the plaintiff would be unable to prove any facts to support his claim." *Daniels v. GNB, Inc.,* **629 So. 2d 595, 599 (Miss. 1993)**. Consequently, it is incumbent upon the plaintiff opposing the motion for summary judgment to set forth, by affidavit or some other form of sworn statement, specific facts which give rise to genuine issues that should be submitted to a jury. *Fruchter v. Lynch Oil Co.*, **522 So.2d 195, 199 (Miss. 1988)**.

¶9. The circuit court granted Albright's motion for summary judgment on grounds that Albright had workers' compensation insurance on the date of David's death and that Albright therefore enjoyed tort immunity. Albright had served responses to interrogatories which asserted that, at the time, it was covered by a policy of workers' compensation coverage issued by USF&G. As part of their motion to reconsider, the Holbrooks submitted several affidavits which alleged that officers and employees of Albright had stated that Albright did not have workers' compensation coverage at the time of David's death.

¶10. According to an affidavit signed by David's father, Michael Holbrook, he contacted Albright on June 28, 1990, the day after David's death, to inquire as to what workers' compensation benefits would be available to defray the costs of shipping and funeral expenses. He spoke with Betty Collins, Albright's Vice-President and Office Manager, who informed him that because Albright had failed to obtain a Certificate of Insurance from the Virgin Islands government, Albright had no workers'

compensation insurance at the time of David's death. According to Mr. Holbrook, no one from Albright ever advised him that there was workers' compensation covering his son's death.

¶11. Paul S. Minor, an attorney hired by the Holbrooks to represent them in this matter, traveled to the Virgin Islands in July of 1990 to investigate David's death. According to Mr. Minor's affidavit, he went to the project site and spoke with Dan Reed, who introduced himself as the owner and person in charge. According to Minor, Reed informed him that Albright did not have workers' compensation coverage that covered David's death.

¶12. Wayne L. Hengen, another attorney hired to represent the Holbrooks, signed an affidavit which asserts that Dan Reed admitted to him that Albright had no workers' compensation coverage at the time of David's death.

¶13. Hensley Lee was an employee of Johnny Smith Truck and Dragline Services, Inc., a co-defendant in the civil action. According to Lee's affidavit, Terry Reed of Albright came into Lee's office at the project site on the date of David's death and asked to use Lee's telephone. Reed told Lee that he did not carry workers' compensation coverage and wanted to use the phone to call an insurance agent for the purpose of obtaining coverage. In the presence of Lee, Reed placed the call to an insurance agent and solicited workers' compensation insurance without mentioning David Holbrook's death.

¶14. It is clear that genuine issues of material fact exist in this case such that summary judgment should not have been granted. First, the existence or non-existence of Albright's workers' compensation coverage remains in dispute. Second, whether Albright misled the Holbrooks into believing no coverage existed is disputed. Third, whether the Holbrooks relied on any such misleading statements such that the statute of limitations should be tolled must be resolved.

¶15. Accordingly, we reverse the award of summary judgment by the circuit court and the imposition of sanctions and remand to the trial court for further proceedings consistent with this opinion.

¶16. **REVERSED AND REMANDED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**