# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-00815-SCT

*TIMMY PRENTICE*

*v.*

*SCHINDLER ELEVATOR COMPANY AND ZURICH AMERICAN INSURANCE COMPANY*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/16/2007 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRENTISS M. GRANT |
| ATTORNEYS FOR APPELLEES: | BENJAMIN U. BOWDEN |
| | ALLYSON L. VAUGHN |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED. THIS CASE IS REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION - 06/25/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Timmy Prentice filed a petition to controvert with the Mississippi Workers' Compensation Commission (Commission). His employer, Schindler Elevator Company

(Schindler), and its insurance carrier, Zurich American Insurance Company (Zurich), filed a motion to dismiss based on the statute of limitations. An administrative judge of the Commission denied the motion, and on review, the full Commission affirmed the administrative judge's order denying the employer/carrier's motion to dismiss. On appeal, the Circuit Court for the First Judicial District of Hinds County reversed the Commission's decision and rendered judgment in favor of the employer/carrier. Prentice appealed, arguing that, because Schindler is estopped from asserting the statute of limitations as a defense, the circuit court erred. The Court of Appeals reversed the judgment of the circuit court and remanded this case to the Commission. While we agreed with the Court of Appeals' disposition of this appeal, we granted certiorari to clarify that failure to comply with Mississippi Code Section 71-3-67, alone, does not estop an employer from relying on the statute of limitations.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On April 23, 1998, Timmy Prentice, while employed by Schindler, was injured at the worksite when a crane lifted a portable restroom occupied by Prentice approximately fifteen feet above the ground. While the restroom was suspended in the air, Prentice stepped out and fell to the construction floor. Prentice informed his supervisor of the injury, and he was instructed to fax an Alabama "first notice of injury" form to Schindler's Alabama office;

2

Prentice complied. As determined by the administrative judge and the Court of Appeals, Prentice missed at least five days of work as a result of his injury.[1]

¶3. Prentice left his employment with Schindler but later worked at Schindler's Shreveport, Louisiana, location. Initially, some of Prentice's medical bills were paid,[2] but these payments eventually stopped. Prentice contacted an employee of Zurich, who informed Prentice that his medical bills would be paid once the paperwork came through.

¶4. The medical bills never were paid, so in 2002, Prentice filed a petition to controvert with the Commission. Schindler and Zurich asserted the expiration of the statute of limitations[3] as a defense and filed a motion to dismiss; however, after a hearing on the matter,

---

[1] *See* **Prentice v. Schindler Elevator Co.**, 2008 Miss. App. LEXIS 376, *5-*6, ¶8-11 (Miss. Ct. App. June 24, 2008).

[2] Although some medical bills were paid, the employer/carrier paid no indemnity benefits.

[3] Mississippi Code Section 71-3-35(1) states:

No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer. If no representative has been designated by posters placed in one or more conspicuous places, then notice received by any superior shall be sufficient. Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice. Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.

Miss. Code Ann. § 71-3-35(1) (Rev. 2000).

the administrative judge ruled that "although the Statute of Limitations has run, the Employer/Carrier is estopped from raising that affirmative defense because of the failure to file the statutorily required first report of injury." The full Commission affirmed the order of the administrative judge. Schindler and Zurich appealed, and the Circuit Court for the First Judicial District of Hinds County reversed the decision of the full Commission.

¶5.     On February 7, 2007, Prentice timely appealed, and the case was assigned to the Court of Appeals. The Court of Appeals reversed the circuit court and remanded this case to the Commission on June 24, 2008. *Prentice v. Schindler Elevator Co.*, 2008 Miss. App. LEXIS 376 (Miss. Ct. App. June 24, 2008). Schindler and Zurich filed a motion for rehearing, which the Court of Appeals denied. *Prentice v. Schindler Elevator Co.*, 2008 Miss. App. LEXIS 795 (Miss. Ct. App. Dec. 16, 2008). Schindler and Zurich subsequently filed their petition for writ of certiorari, and this Court granted the petition. *Prentice v. Schindler Elevator Co.*, 2009 Miss. LEXIS 109 (Miss. Mar. 12, 2009).

## DISCUSSION

¶6.     Mississippi Code Section 71-3-67(1) states:

> Within ten (10) days after the fatal termination of any injury, the employer, if self-insured, or its carrier, shall file a report thereof with the commission on a form approved by the commission for this purpose.

> In the event of an injury which shall cause loss of time in excess of the waiting period prescribed in Section 71-3-11, a report thereof shall be filed with the commission by the employer or carrier, on a form approved by the commission for this purpose, within ten (10) days after the prescribed waiting period has been satisfied.

4

> Within ten (10) days after the employer or carrier knows, or reasonably should know, that an injury has resulted, or likely will result, in permanent disability or serious head or facial disfigurement, but which does not cause a loss of time in excess of the prescribed waiting period, a report thereof shall be filed with the commission on a form approved by the commission for this purpose.

Miss. Code Ann. § 71-3-67(1) (Rev. 2000). In today's case, the Court of Appeals held that "Schindler is estopped from asserting the statute of limitations as a defense. Because Schindler failed to comply with the notice requirements mandated under *Martin* and section 71-3-67(1), we must reverse the judgment of the circuit court." *Prentice v. Schindler Elevator Co.*, 2008 Miss. App. LEXIS 376, *8, ¶12 (Miss. Ct. App. June 24, 2008) (citing *Martin v. L & A Contracting Company*, 249 Miss. 441, 162 So. 2d 870, 873 (1964)). However, the Court of Appeals did not explicitly discuss any other grounds for estopping Schindler from asserting the defense.

¶7.     In *Martin,* this Court explicitly stated that "[w]e do not hold that failure to comply with section 28 (requiring employer to give notice to commission) alone would estop the employer from relying on the statute of limitation." *Martin*, 162 So. 2d at 873. This Court held that not only failure to file notice with the Commission, but also the fact that compensation was paid to the claimant, constituted waiver of the statute of limitations defense. *Id.* Also, in *Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc.*, 703 So. 2d 842, 845 (Miss. 1997), this Court held that the trial court had erred in granting summary judgment in favor of the employer/carrier, since material facts existed on the issue of whether the statute of limitations was tolled based on the possibility the claimants may have been misled concerning the existence of workers' compensation coverage, in addition to failure

5

to file notice. *Id.* Likewise, this Court has stated that "[w]hile it is true that the failure to file the required notice by itself does not prevent the employer from raising the statute of limitations defense, this is a factor to be considered in the overall scheme." ***McCrary v. City of Biloxi***, 757 So. 2d 978, 982 (Miss. 2000) (employer told claimant it would file his claim and engaged in settlement negotiations for a substantial period of time). Furthermore, "[w]e are reminded that workers' compensation law is to be liberally and broadly construed, resolving doubtful cases in favor of compensation so that the beneficent purposes of the act may be accomplished." *Id.* at 981 (citations omitted).

¶8. In today's case, Prentice asserts that he "did not make a claim for medical benefits during the statutory period because the employer led him to believe same would being [sic] handled until the statutory period had past [sic]." Prentice testified during his deposition that he did not file a claim for workers' compensation because he was under the impression that Schindler had filed it for him. Also, at the hearing before the administrative judge, Prentice further testified that he did not file a claim for workers' compensation immediately after his medical bills began going unpaid because an employee of Zurich had led him to believe that the insurance was "taking care of it."[4] Based upon these additional considerations, we affirm the Court of Appeals' judgment in today's case.

---

[4]Prentice also sent medical bills to this insurance company employee at the employee's direction. The employee stated that she had not received Schindler's Form B-3, or notice-of-injury report, and that Prentice's medical bills would be paid upon receipt of the form.

CONCLUSION

¶9.     Although we affirm the Court of Appeals, we granted certiorari to clarify any uncertainty as to the issue of whether failure to file the statutory notice alone is sufficient to prohibit the employer from raising the expiration of the statute of limitation as a defense. We reiterate that lack of notice is but one factor to be considered in making the ultimate determination of whether an employer and its insurance carrier should be estopped from asserting the purported expiration of the statute of limitations.

¶10.     **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED.  THIS CASE IS REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

       **DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. KITCHENS, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J.   GRAVES, P.J., JOINS IN PART. CHANDLER, J., NOT PARTICIPATING**.


       **KITCHENS, JUSTICE, CONCURRING IN RESULT ONLY:**

¶11.     I agree with the result of today's decision, which affirms the judgment of the Court of Appeals in this case. However, because I agree with the unanimous holding of that court that an employer's failure to comply with Section 71-3-67's notice requirement estops that employer from asserting a time-bar defense, I cannot concur with the substance of the majority opinion.

¶12.     Section 71-3-67 of the Mississippi Code requires a self-insured employer to report to the Mississippi Workers' Compensation Commission within ten days the occurrence of any

injury that disables an employee for five days or more. Miss. Code Ann. § 71-3-67(1) (Rev. 2000). Our precedent makes clear that failure to comply with this requirement will preclude the employer from claiming a defense based on the statute of limitations. In *Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc.*, 703 So. 2d 842, 845 (Miss. 1997), the justices unanimously observed that "[t]his Court has previously found that an employer and its insurance carrier would be estopped from denying that the two-year statute of limitations was tolled where they failed to comply with the notice requirement of [Section 71-3-67]." *Id.* at 844. The unanimous Court further observed, and rightly so, that "it would be inconsistent with the purpose of the [Workers' Compensation Act] to allow the employer and its insurance carrier to take advantage of their failure to perform their duty to give notice to the Commission." *Id.* The majority is correct in its assertion that the *Holbrook* Court also considered the employers' misrepresentations regarding insurance coverage before ruling in favor of the injured employee, Maj. Op. at ¶7; but the justices in *Holbrook* held as they did, not because of the combination of those two facts, but rather because each fact independently required estoppel. *See id.* ("This Court has *also* held that the statute of limitations is tolled where the employer misrepresents the nature and existence of its coverage . . . .").

¶13.    Today's judgment similarly misplaces reliance on *Martin v. L. & A. Contracting Co.*, 249 Miss. 441, 162 So. 2d 870 (1964). *See* Maj. Op. at ¶7. The *Martin* Court, as the majority correctly contends, "d[id] not hold that failure to comply with [the notice requirement] alone would estop the employer from relying on the statute of limitation." *Martin*, 162 So. 2d at 873. But this statement does not demonstrate a requirement of a further showing, as today's

8

majority purports; rather, the ***Martin*** Court merely left for another day the determination of whether an employer's failure to notify, standing alone, estopped the employer from asserting the statute of limitations. If any doubt remained by 1997, then the ***Holbrook*** Court definitively and unanimously settled the question once and for all.[5] Indeed, the rule of ***Holbrook*** is so clear that its annotation under Section 71-3-67 summarizes the case thusly: "Employer was estopped from claiming that two-year statute of limitations on workers' compensation claim was not tolled, where employer failed to timely file statutorily-required notice of fatal termination of injury." Miss. Code Ann. § 71-3-67 (Rev. 2000).

¶14.    This rule comports with our well established view that workers' compensation law should be given a liberal interpretation, which serves better to effectuate "the beneficent purposes of the act . . . ." ***Robinson v. Packard Elec. Div.***, 523 So. 2d 329, 332 (Miss. 1988). But ***Holbrook*** was not the product of some blind allegiance to labor over industry; rather, the unanimous result was a sound, practical policy determination that avoided the possibility of unfairly punishing injured workers. Although it is true that an employer's remittance of compensation payments tolls the statute of limitations, *see* ***Parchman v. Amwood Products***, 988 So. 2d 346, 351 (Miss. 2008), history has brought to our courthouses cases in which confusion has arisen over whether given sets of payments qualified as true compensation, *id.*,

---

[5] The rule was reiterated in ***McCrary v. City of Biloxi***, 757 So. 2d 978, 981 (Miss. 2000). While the majority correctly recounts that the ***McCrary*** Court observed passingly that failure to file notice would not, without more, estop an employer from asserting a time-bar, Maj. Op. at ¶7, the majority appears not to have considered the fact that the ***McCrary*** Court offered that announcement without presentation of any legal support. *See id.* at 982.

or even whether a particular payment was actually a payment at all. *See Trehern v. Grafe Auto Co.*, 232 Miss. 854, 100 So. 2d 786 (1958).

¶15.    One need not strain the imagination to envision an injured worker receiving monthly remittances from an employer who fails to file notice but otherwise acts in good faith and who, after two years, loses all rights to an otherwise valid claim and is left at the mercy of a company legally unobligated to provide any further assistance. Today's majority forgoes the opportunity to avoid that danger and, contrary to the underlying principle of the *Holbrook* Court's ruling, "allow[s] the employer and its insurance carrier to take advantage of their failure to perform their duty to give notice to the Commission." *Holbrook*, 703 So. 2d at 844.

¶16.    In my judgment, therefore, today's decision goes beyond its stated purpose "to clarify" *Holbrook*, Maj. Op. at ¶9, by overturning it. But even if one were convinced by a review of our precedent that the question was a close one that warranted clarification, which, with respect, I am not, then our devotion to *stare decisis* should compel us to accept the result settled upon years earlier by the bar and the judiciary. Instead, waters that were distilled and filtered long ago now are muddied with unanswered questions. For example, if failure to comply with the notice requirement is, in and of itself, not enough to estop an employer from asserting a time-bar, then what is? How many other misdeeds must the Commission or a trial court identify before concluding that the statute of limitations has tolled? Should other factors, such as misrepresentation of insurance coverage, be weighed equally? If not, then what is the relative weight of an employer's failure to file notice?

10

¶17. Therefore, because the analysis underlying today's judgment conflicts with longstanding precedent, sound policy judgments, and our fealty to *stare decisis*, I join today's decision in result only. I vote to affirm the judgment of the Court of Appeals, but I respectfully suggest that our affirmance should be founded upon a holding that an employer's failure to provide the statutorily required notice of injury to the Mississippi Workers' Compensation Commission estops that employer from asserting a defense under the statute of limitations.

**WALLER, C.J., JOINS THIS OPINION. GRAVES, P.J., JOINS THIS OPINION IN PART.**