GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Timmy Prentice filed a petition to controvert with the Mississippi Workers’ Compensation Commission. Schindler Elevator Company, the employer, and Zurich American Insurance Company, the insurer, responded by filing a motion to dismiss based on the statute of limitations. The Commission denied Schindler’s motion. On appeal, the circuit court reversed the Commission’s decision and dismissed Prentice’s claim finding that the statute of limitations had run. On appeal, Prentice argues that the circuit court erred because Schindler is estopped from asserting the statute of limitations as a defense. We reverse the judgment of the circuit court and remand this case to the commission.
 

 FACTS
 

 ¶ 2. On April 23, 1998, Prentice was employed by Schindler in Jackson, Mississippi. He was injured after he fell out of a portable bathroom that had been suspended approximately fifteen feet above the ground. Prentice informed his supervisor, Doug McIntyre, about the injury, and his supervisor told him to fax an Alabama first notice of injury form to Schindler’s office in Birmingham, Alabama. Prentice went to the emergency room that night. Thereafter, he visited several doctors for medical attention due to his injury. The administrative law judge found that Prentice missed more than five days of work due to his injury.
 

 ¶ 3. Prentice left his employment with Schindler, but he later returned to work at Schindler’s Shreveport, Louisiana location. Initially, Schindler paid some of Prentice’s medical bills under workers’ compensation. Prentice eventually noticed that his medical bills were not being paid. Prentice contacted McIntyre, who gave him a phone number to call in New Jersey. Prentice called the number and spoke with a person identified as Mabel, an employee of Zurich. Mabel told Prentice that Zurich would pay his medical bills as soon as she received his B-3 form.
 

 ¶ 4. Prentice’s medical bills were never paid. As a result, Prentice filed his petition to controvert.
 

 STANDARD OF REVIEW
 

 ¶ 5. An appellate court must defer to an administrative agency’s findings of fact if there is even a quantum of credible evidence that supports the agency’s decision,
 
 Hale v. Ruleville Health Care Ctr.,
 
 687 So.2d 1221, 1224 (Miss.1997). This Court will overturn the Commission’s decision only if it was arbitrary and capricious.
 
 Id.
 
 at 1225. We do not review the facts on appeal to determine how we would resolve the factual issues if we were the triers of fact; rather, our function is to determine whether the factual determination made by the Commission is supported by substantial credible evidence.
 
 S. Cent. Bell Tel. Co. v. Aden,
 
 474 So.2d 584, 589 (Miss.1985).
 

 ANALYSIS
 

 ¶ 6. Prentice argues that the circuit court erred by reversing the Commission’s decision and finding that the statute of limitations had run on his claim. Specifi
 
 *61
 
 cally, Prentice argues that Schindler is barred from asserting the statute of limitations as a defense because it did not file a first notice of injury, which is required under Mississippi Code Annotated sections 71-3-67 (Rev.2000) and 71-3-11 (Rev. 2000). We will first discuss whether Schindler is required to follow the mandates of section 71-3-67. Next, we will discuss whether Schindler is estopped from asserting the statute of limitations as a defense.
 

 I. Whether Schindler must comply with section 71-3-67.
 

 ¶ 7. Mississippi Code Annotated section 71-3-67(1) provides:
 

 In the event of an injury which shall cause loss of time in excess of the waiting period prescribed in Section 71-3-II, a report thereof shall be filed with the commission by the employer or carrier, on a form approved by the commission for this purpose [Form B-3], within ten (10) days after the prescribed waiting period has been satisfied.
 

 Mississippi Code Annotated section 71-3-11 provides that “[n]o compensation except medical benefits shall be allowed for the first five (5) days of the disability. In case the injury results in disability of fourteen (14) days or more, the compensation shall be allowed from the date of disability.” Applied to the instant case, section 71-3-67(1) requires that Schindler know that Prentice missed at least five days of work because of an accident covered under workers’ compensation before Schindler is required to file a Form B-3.
 

 ¶ 8. The Commission has interpreted “five days” to mean five consecutive or non-consecutive days. Mississippi Workers’ Compensation Commission General Rule 11 specifically rule states:
 

 For purposes of determining whether an injured employee has satisfied the waiting period requirement of section 71-3-11 of the Law, a day of disability is considered to be any day on which the injured employee is unable, because of injury, to earn the same wages as before the injury, and neither the five (5) day period of disability nor the fourteen (14) day period of disability has to consist of consecutive days.
 

 ¶ 9. We now look to the record to determine whether Prentice missed the five days of work required by statute. Prentice testified that he did not get paid when he missed work to see a doctor. Prentice also testified that he either missed a full or half day of work getting an MRI on April 24, 1998. On April 28, 1998, Dr. Robert Estess took Prentice off work until he could see Dr. Robert Smith. Therefore, Prentice missed approximately four days of work before seeing Dr. Smith on May 4, 1998. The administrative law judge found that Prentice missed at least five days because he missed four days waiting to see Dr. Smith, and he missed at least one more full day of work to see Dr. Smith, Dr. Estess, or getting his MRI.
 

 ¶ 10. The Commission’s order is supported by substantial evidence that Prentice missed at least five days of work without pay and that Schindler knew these absences were attributable to Prentice’s April 23, 1998, injury. Therefore, we find that Schindler was required to file a notice of injury report, Form B-3, under section 71-3-67(l).
 
 [1]
 

 
 *62
 

 II. Whether Schindler is estopped from asserting the statute of limitations as a defense.
 

 ¶ 11. Next, we consider whether Schindler is estopped from asserting the statute of limitations as a defense because it did not file a Form B-3. Schindler argues that filing this form is not a prerequisite for the statute of limitations to run.
 

 ¶ 12. We are reminded that “the provisions of the Mississippi Workers’ Compensation Act are to be construed liberally and that ‘doubtful cases are to be resolved in favor of compensation so that the beneficial purposes of the act may be achieved.’ ”
 
 Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc.,
 
 703 So.2d 842, 844(¶ 5) (Miss.1997) (quoting
 
 Robinson v. Packard Elec. Div.,
 
 523 So.2d 329, 332 (Miss.1988)). In the case of
 
 Martin v. L. & A. Contracting Co.,
 
 249 Miss. 441, 162 So.2d 870 (1964), the Mississippi Supreme Court decided a case with facts almost identical to the case before us. The supreme court held:
 

 They failed to comply with section 28 requiring the employer to make a report of the injury to the Mississippi commission, although Martin was covered under it. Appellees must have been well atoare of this fact. Martin toas not. Yet appellees failed to perform this duty imposed by section 28. Instead they chose to file notice of injury under the Florida act, in which benefits were substantially less.
 
 It would be inconsistent with the purposes of sections 28 and 49, and inequitable to an employee, for ap-pellees to take advantage of their failure to perform their duty to give notice of injury, and to choose the compensation act which would provide the least compensation for his work-connected injury.
 

 Id.
 
 at 448, 162 So.2d at 873 (emphasis added). This reasoning was reaffirmed in
 
 Holbrook,
 
 when the supreme court ruled that “an employer and its insurance carrier [are] estopped from denying that the two-year statute of limitations [is] tolled where they failed to comply with the notice requirement of the act.”
 
 Holbrook,
 
 703 So.2d at 844(¶ 6). Similarly, Schindler is estopped from asserting the statute of limitations as a defense. Because Schindler failed to comply with the notice requirements mandated under
 
 Martin
 
 and section 71-3-67(1), we must reverse the judgment of the circuit court.
 

 ¶ 13. Schindler also argues that it complied with Mississippi’s notice requirements because Prentice sent an Alabama first notice of injury form to its Birmingham office. This argument has two flaws. First, Prentice’s fax to Schindler’s Birmingham office does not prove that Schindler forwarded this form to either the Alabama or Mississippi Workers’ Compensation Commission. Second,
 
 Martin
 
 clearly stands for the proposition that one may receive workers’ compensation from more than one state and that sending a first notice of injury to another state’s agency does not qualify as notice under Mississippi law.
 
 Martin,
 
 249 Miss. at 447-48, 162 So.2d at 872-73. Thus, we must reverse the judgment of the circuit court, reinstate the decision of the Commission to deny Schindler’s motion to dismiss, and remand the case to the Commission for proceedings consistent with this opinion.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED. THIS CASE IS REMANDED TO THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL
 
 *63
 
 ARE ASSESSED TO THE APPEL-LEES.
 

 KING, C.J, LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 .
 
 See also,
 
 Mississippi Workers’ Compensation Commission has interpreted the use of this form by stating: "[tlhe original of this form must be filed with the Commission in all cases involving injuries resulting in lost time in excess of five (5) days and in death cases within ten (10) days after the employer receives notice of injury or death, (Mississippi Code Annotated Section 71-3-67 (1972); Procedural Rule 1).” List of forms currently in
 
 *62
 
 use by Commission (2008), http://www.mwcc. state.ms.us/forms/_formsall.asp