KITCHENS, Justice,
Concurring In Result Only:
¶ 11. I agree with the result of today’s decision, which affirms the judgment of the Court of Appeals in this case. However, because I agree with the unanimous holding of that court that an employer’s failure to comply with Section 71-3-67’s notice requirement estops that employer from asserting a time-bar defense, I cannot concur with the substance of the majority opinion.
¶ 12. Section 71-3-67 of the Mississippi Code requires a self-insured employer to report to the Mississippi Workers’ Compensation Commission within ten days the occurrence of any injury that disables an employee for five days or more. Miss. Code Ann. § 71-3-67(1) (Rev.2000). Our precedent makes clear that failure to comply with this requirement will preclude the employer from claiming a defense based on the statute of limitations. In Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc., 703 So.2d 842, 845 (Miss. 1997), the justices unanimously observed that “[t]his Court has previously found that an employer and its insurance carrier would be estopped from denying that the two-year statute of limitations was tolled *1262 where they failed to comply with the notice requirement of [Section 71-3-67].” Id. at 844. The unanimous Court further observed, and rightly so, that “it would be inconsistent with the purpose of the [Workers’ Compensation Act] to allow the employer and its insurance carrier to take advantage of their failure to perform their duty to give notice to the Commission.” Id. The majority is correct in its assertion that the Holbrook Court also considered the employers’ misrepresentations regarding insurance coverage before ruling in favor of the injured employee, Maj. Op. at 7; but the justices in Holbrook held as they did, not because of the combination of those two facts, but rather because each fact independently required estoppel. See id. (“This Court has also held that the statute of limitations is tolled where the employer misrepresents the nature and existence of its coverage.... ”).
¶ 13. Today’s judgment similarly misplaces reliance on Martin v. L. & A. Contracting Co., 249 Miss. 441, 162 So.2d 870 (1964). See Maj. Op. at 7. The Martin Court, as the majority correctly contends, “d[id] not hold that failure to comply with [the notice requirement] alone would estop the employer from relying on the statute of limitation.” Martin, 162 So.2d at 873. But this statement does not demonstrate a requirement of a further showing, as today’s majority purports; rather, the Martin Court merely left for another day the determination of whether an employer’s failure to notify, standing alone, estopped the employer from asserting the statute of limitations. If any doubt remained by 1997, then the Holbrook Court definitively and unanimously settled the question once and for all.[5] Indeed, the rule of Holbrook is so clear that its annotation under Section 71-3-67 summarizes the case thusly: “Employer was estopped from claiming that two-year statute of limitations on workers’ compensation claim was not tolled, where employer failed to timely file statutorily-required notice of fatal termination of injury.” Miss.Code Ann. § 71-3-67 (Rev.2000).
¶ 14. This rule comports with our well established view that workers’ compensation law should be given a liberal interpretation, which serves better to effectuate “the beneficent purposes of the act....” Robinson v. Packard Elec. Div., 523 So.2d 329, 332 (Miss.1988). But Holbrook was not the product of some blind allegiance to labor over industry; rather, the unanimous result was a sound, practical policy determination that avoided the possibility of unfairly punishing injured workers. Although it is true that an employer’s remittance of compensation payments tolls the statute of limitations, see Parchman v. Amwood Products, 988 So.2d 346, 351 (Miss.2008), history has brought to our courthouses cases in which confusion has arisen over whether given sets of payments qualified as true compensation, id., or even whether a particular payment was actually a payment at all. See Trehern v. Grafe Auto Co., 232 Miss. 854, 100 So.2d 786 (1958).
¶ 15. One need not strain the imagination to envision an injured worker receiving monthly remittances from an employer who fails to file notice but otherwise acts in good faith and who, after two years, loses all rights to an otherwise valid claim and is left at the mercy of a company legally unobligated to provide any further *1263 assistance. Today’s majority foregoes the opportunity to avoid that danger and, contrary to the underlying principle of the Holbrook Court’s ruling, “allow[s] the employer and its insurance carrier to take advantage of their failure to perform their duty to give notice to the Commission.” Holbrook, 703 So.2d at 844.
¶ 16. In my judgment, therefore, today’s decision goes beyond its stated purpose “to clarify” Holbrook, Maj. Op. at 9, by overturning it. But even if one were convinced by a review of our precedent that the question was a close one that warranted clarification, which, with respect, I am not, then our devotion to stare decisis should compel us to accept the result settled upon years earlier by the bar and the judiciary. Instead, waters that were distilled and filtered long ago now are muddied with unanswered questions. For example, if failure to comply with the notice requirement is, in and of itself, not enough to estop an employer from asserting a time-bar, then what is? How many other misdeeds must the Commission or a trial court identify before concluding that the statute of limitations has tolled? Should other factors, such as misrepresentation of insurance coverage, be weighed equally? If not, then what is the relative weight of an employer’s failure to file notice?
¶ 17. Therefore, because the analysis underlying today’s judgment conflicts with longstanding precedent, sound policy judgments, and our fealty to stare decisis, I join today’s decision in result only. I vote to affirm the judgment of the Court of Appeals, but I respectfully suggest that our affirmance should be founded upon a holding that an employer’s failure to provide the statutorily required notice of injury to the Mississippi Workers’ Compensation Commission estops that employer from asserting a defense under the statute of limitations.
WALLER, C.J., JOINS THIS OPINION. GRAVES, P.J., JOINS THIS OPINION IN PART.

. The rule was reiterated in McCrary v. City of Biloxi, 757 So.2d 978, 981 (Miss.2000). While the majority correctly recounts that the McCrary Court observed passingly that failure to file notice would not, without more, estop an employer from asserting a time-bar, Maj. Op. at 7, the majority appears not to have considered the fact that the McCraiy Court offered that announcement without presentation of any legal support. See id. at 982.