[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 10-15364, 10-15485
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-00523-CG-N

DUSTIN RAY RHODES,

Plaintiff - Appellant,

versus

PAUL & LINDA DAVIS,
d.b.a. P & L Construction Company,

Defendant,

BAMACO, INC.,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(April 27, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Dustin Ray Rhodes appeals the summary judgment in favor of Bamaco, Inc., and against Rhodes's complaint of violations of the Mississippi Workers' Compensation Act and of negligence and wantonness. The district court ruled that Rhodes's claim under the Workers' Compensation Act was untimely and that his tort claims were barred by the Workers' Compensation Act. The district court later awarded Rhodes his attorney's fees and costs because Bamaco had failed to produce its workers' compensation insurance policy during the discovery period, and Bamaco cross-appeals that sanction. We affirm.

Bamaco is a general contractor that manages disaster-related work. After Hurricane Katrina struck the Gulf Coast in August 2005, Bamaco entered a contract to remove debris in the State of Mississippi, and Bamaco subcontracted the physical labor to P&L Construction Company and its subcontractors. Rhodes was hired by P&L or Bamaco to perform labor for the Katrina project. According to Rhodes, "within hours of beginning work" on the project, he was electrocuted, fell, and broke his foot.

On March 9, 2006, Rhodes applied for workers' compensation benefits with the Mississippi Workers' Compensation Commission. Rhodes stated on his petition to contravert that he was an employee of P&L, not Bamaco. On

2

December 22, 2006, an administrative judge dismissed Rhodes's petition.

On September 15, 2008, Rhodes filed in the district court a complaint against P&L and Bamaco to recover disability benefits and medical expenses. Rhodes alleged that the companies had "denied coverage" for worker compensation and had negligently and wantonly failed to "maintain a safe working environment" or "to properly train and supervise their employees." Rhodes sought compensatory and punitive damages.

The district court dismissed P&L from the action because Rhodes failed to provide proof of timely service, and Bamaco answered with a denial that it had employed Rhodes. Bamaco later moved for summary judgment and argued that Rhodes's complaint about workers' compensation benefits and negligence was untimely and that he was barred from suing in tort for his injuries.

The district court granted summary judgment in favor of Bamaco. The district court ruled that Rhodes's complaint was untimely and that his right to compensation under the Workers' Compensation Act barred him from recovering in tort. The district court invited Rhodes to move for sanctions because Bamaco had failed to disclose information about its workers' compensation insurance in its initial and supplemental responses to discovery requests.

Rhodes moved for reconsideration and for sanctions against Bamaco, and

the district court granted Rhodes partial relief. The district court rejected Rhodes's argument that Bamaco had failed to "secure payment" of insurance as required by the Workers' Compensation Act, but the district court granted Rhodes's request for sanctions. The district court ruled that Bamaco should have disclosed earlier that it had workers' compensation insurance when Rhodes had been injured and that Rhodes had "incur[red] attorney's fees and expenses that could have been avoided if Bamaco had divulged the existence of the policy." The district court awarded Rhodes $88,722.50 in attorney's fees and $7,135.53 in costs.

Rhodes was not entitled to recover workers' compensation benefits from Bamaco because he failed to apply timely for those benefits. Under the Mississippi Workers' Compensation Act, "if no payment of compensation . . . is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation . . . shall be barred." Miss. Code Ann. § 71-3-35(1). "[A]n 'application for benefits' as referenced in . . . Section 71-3-35(1) . . . means a petition to controvert, or some variation of a petition or motion, filed with the Workers' Compensation Commission by the claimant." Tupelo Public Sch. Dist. v. Parker, 912 So. 2d 1070, 1072 (Miss. Ct. App. 2005). Bamaco never compensated Rhodes for his injuries, and Rhodes

4

never filed a petition with the Commission to recover workers' compensation benefits from Bamaco.

Rhodes argues that the two-year limitations period was tolled because Bamaco failed to notify the Workers' Compensation Commission of Rhodes's injury and Bamaco withheld information about its insurance, but his arguments fail. An employer is required under Mississippi law to file an injury report with the Commission within ten days of an injury that has caused an employee to miss more than five days of work, Miss. Code Ann. § 71-3-67, but "the failure of an employer to file notice, alone, is not sufficient to require estoppel," Nicholson v. Int'l Paper Co., 51 So. 3d 995, 998 (Miss. Ct. App. 2010); see Prentice v. Schindler Elevator Co., 13 So. 3d 1258, 1260 (Miss. 2009). Although the statute of limitation may be tolled if an "employer misrepresents the nature and existence of its coverage and the employee relies on such statements," Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc., 703 So. 2d 842, 844 (Miss. 1997), Rhodes failed to introduce any evidence that he refrained from applying for workers compensation benefits based on a misrepresentation by Bamaco during the limitations period.

Rhodes argues that his complaint of negligence was timely, but we need not address that argument because Rhodes's complaints about negligence and

5

wantonness are both barred under the Workers' Compensation Act. In Mississippi, an employer is required to "secure the payment to his employees of the compensation payable under [the] provisions" of the Act, Miss. Code Ann. § 71-3-7, by either "hav[ing] in effect a workers' compensation insurance policy or be[ing] a qualified self-insurer," Washington v. Tem's Junior, Inc., 981 So. 2d 1047, 1051 (Miss. Ct. App. 2008) (citing Miss. Code Ann. § 71-3-75). Bamaco established that it had "secured payment" by obtaining workers' compensation insurance in Mississippi from Twin City Fire Insurance Company and that Twin City Fire Insurance had a valid "Mississippi Privilege License" on the date that Rhodes had been injured. Because Bamaco had secured payment for its employees, its "liability . . . to pay compensation . . . [was] exclusive and in place of all other liability" to Rhodes, Miss. Code Ann. § 71-3-9, and guaranteed Bamaco "immunity from suit in tort for [Rhodes's] injur[ies]," Tem's Junior, 981 So. 2d at 1050.

Rhodes argues that Bamaco failed in three ways to "secure payment" as required by section 71-3-7, but we disagree. First, Rhodes argues that Bamaco's insurance policy provided worker's compensation coverage only in Alabama, but the policy included an "other state" endorsement that provided identical coverage to Bamaco's employees in Mississippi. Second, Rhodes argues that Bamaco failed

6

to give its insurer notice that it was working in Mississippi, but Bamaco presented undisputed evidence that it "notified its insurer via telephone that it was working in Mississippi." Third, Rhodes argues that Bamaco failed to register its policy with the Mississippi Workers' Compensation Commission, but Rhodes fails to cite any authority that makes the guarantee of immunity under section 71-3-9 contingent on registration. Bamaco "secured payment" for its employees in Mississippi, and "[t]he prerequisite for immunity" did not require Bamaco to "timely inform the Commission of an employee's injury or ensure that a particular employee [was] paid the benefits to which he is entitled under the Act." Tem's Junior, 981 So. 2d at 1050–51. After Bamaco "'secure[d] payment of compensation' through a workers' compensation insurance policy," its "statutory responsibility to pay workers' compensation benefits bec[ame] the responsibility of the carrier." Id. at 1051.

Bamaco cross-appeals the sanction for its failure to disclose earlier its workers' compensation insurance, but the district court was entitled to sanction Bamaco for withholding information about its insurance policy. See Fed. R. Civ. P. 37(c)(1)(A). Bamaco argues that it was substantially justified in failing to disclose its policy, but Rhodes alleged that he was an employee of Bamaco and "a party must" produce in its initial disclosures "any insurance agreement under

7

which an insurance business <u>may</u> be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment," Fed. R. Civ. P. 26(a)(1)(A)(iv) (emphasis added). Rhodes also was harmed by Bamaco's misrepresentations. <u>See</u> Fed. R. Civ. P. 37(c)(1). Based on Bamaco's statements in its disclosures that it did "not have insurance for the claims asserted against it in this action," Rhodes "continued to pursue a remedy (the civil action) which was not available." Rhodes incurred attorney's fees and expenses unnecessarily, and Bamaco does not challenge as unreasonable the amount of the sanction. The district court rejected Rhodes's request to exclude evidence of the insurance policy, <u>see id.</u>, because Bamaco disclosed two weeks before discovery ended that it "had a commercial general liability policy in effect at the time of the Hurricane Katrina Gulfport, Mississippi job" and Rhodes did not request an extension of time to investigate the policy. "[W]e cannot say that we are left with the definite and firm conviction that the district court committed a clear error of judgment in" deciding to award attorney's fees and expenses "after its weighing of the relevant factors." <u>In re Plywood Antitrust Litig.</u>, 655 F.2d 627, 638 (5th Cir. 1981).

We **AFFIRM** both the summary judgment against Rhodes and the sanction against Bamaco.