IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of the Mississippi Workers’ Compensation Commission’s order affirming an administrative judge’s (AJ) order that dismissed Robert Cook’s workers’ compensation claim with prejudice. Feeling aggrieved, Cook appeals and argues that the Commission erred in dismissing his claim because it lacked jurisdiction to do so and because Rule 7 of the Mississippi Workers’ Compensation Commission Procedural Rules allows a claimant’s absence from a scheduled hearing.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On November 23, 2009, Cook filed a petition to controvert with the Commission. Cook alleged that while working as a security guard for Neshoba County General Hospital, he was running to assist with a disturbance and subsequently slipped and landed on his hands and knees. Cook stated that he injured his left knee and his lower back and that although medical treatment had been furnished by his employer previously, medical treatment was not being furnished at the time he filed his petition.
¶ 4. On April 17, 2012, the AJ issued an order dismissing Cook’s claim due to Cook’s failure to file a complete prehearing statement. The order stated that the dismissal would become final unless, pursuant to Mississippi Code Annotated section (Rev. 2011), Cook filed a written request for review of the order within twenty days. The order further stated that in order to properly request reinstatement of his claim, Cook must timely file a motion to reinstate and attach a complete prehearing statement to the motion.
¶ 5. On May 3, 2012, Cook filed a motion to reinstate the claim, asserting that he had filed and completed a prehearing statement. On June 1, 2012, the AJ issued an order reinstating Cook’s claim. Thereafter, the Commission set the hearing on Cook’s claim for August 17, 2012. However, due to a witness’s family emergency, the Commission reset the hearing for October 19, 2012.
¶ 6. Cook failed to appear at the October 19, 2012 hearing, and the hospital and its workers’ compensation carrier, Mississippi Hospital Association Public Workers’ Compensation Group, moved to dismiss the claim, arguing that Cook had proper notice of the hearing date and did not contact anyone to give a reason for his absence. Cook’s counsel advised that he had communicated with Cook once after the hearing was set for October 19, 2012, and that Cook had told him that he had been involved in a serious automobile accident and had undergone brain surgery. Counsel for the hospital and its carrier informed the AJ that they had not received any documentation regarding Cook’s brain injury. Counsel for the hospital and its carrier also informed the AJ that Cook’s counsel attempted to call Cook on the day of the hearing at Cook’s place of employment and was informed that Cook was at work on the day of the hearing. Cook’s counsel opposed the motion to dismiss and moved for a continuance.
¶ 7. The AJ entered an order dismissing Cook’s claim with prejudice and denying Cook’s motion for a continuance. The order stated that Cook failed to appear at the hearing set for October 19, 2012, and failed to contact his counsel and advise why he would not be able to make an appearance. Cook petitioned the full Commission for a review of the AJ’s order.[1] The full Commission affirmed the AJ’s order.
*133 ¶ 8. Additional facts, as necessary, will be related in the analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. “The standard of review in a workers’ compensation appeal is limited to whether the [Commission’s] decision is supported by substantial evidence.” Omnova Solutions, Inc. v. Lipa, 44 So.3d 985, 940 (¶ 15) (Miss.2010) (quoting Lott v. Hudspeth Ctr., 26 So.3d 1044, 1048 (¶ 12) (Miss.2010)). “[Appellate courts] will reverse an order of the ... Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence.” Lott, 26 So.3d at 1048 (¶ 12).
¶ 10. Cook claims that the Commission lacked jurisdiction to dismiss his claim because there was no evidence to support the Commission’s decision and because claims brought under the Mississippi Workers’ Compensation Act (Act) should be construed liberally and resolved in favor of compensation. It is true that “workers’ compensation law is to be liberally and broadly construed, resolving doubtful cases in favor of compensation so that the beneficent purposes of the [A]ct may be accomplished.”[2] Prentice v. Schindler Elevator Co., 13 So.3d 1258, 1260-61 (¶ 7) (Miss.2009) (quoting McCrary v. City of Biloxi, 757 So.2d 978, 981 (¶ 15) (Miss.2000)). However, Cook has failed to show how the Commission lacked jurisdiction over his claim. Rule 7 of the Commission’s procedural rules provides
No case set for hearing on the merits shall be continued except in the event of illness of an interested party or other extreme circumstances. A1 requests for continuances shall be in writing and shall state with particularity the grounds therefor. An [AJ] or a Commissioner may grant such continuance by written order.
Should a party fail to appear at a scheduled hearing, the [AJ] on his or her motion, or on a motion of an appearing party, may dismiss the case or award compensation upon presentation of proper proof. If, however, a justifiable reason is presented within fourteen (14) days after the date of the order dismissing or awarding compensation, a motion to reopen or set aside the order of dismissal may be heard in the Com-missionfs] or [AJ’s] discretion.
(Emphasis added).
¶ 11. Here, Cook claims that he was involved in a vehicular accident that resulted in his having brain surgery. He insists that the brain surgery constitutes an illness or extreme circumstance that justifies a continuance of his case. However, Cook never informed his attorney that he was unable to attend the hearing scheduled for October 19, 2012. Cook also failed to request a continuance in writing, explaining with particularity the circumstances justifying the continuance. In fact, the record indicates that Cook was at his place of employment on the day of the hearing. Additionally, Cook did not file a motion to reopen the case or set aside the order of dismissal. Therefore, the Commission’s order affirming the AJ’s dismissal of *134 Cook’s claim with prejudice is not clearly erroneous or contrary to the overwhelming weight of the evidence.
¶ 12. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. Cook did not file a motion to reinstate the case after the AJ dismissed his claim.

. Mississippi Code Annotated section 71-3-
1(1) (Supp.2013) now provides:
[N]otwithstanding any common law or case law to the contrary, this chapter shall not be presumed to favor one part over another and shall not be liberally construed in order to fulfill any beneficent purposes. However, this provision is inapplicable to this case, as it only applies to injuries occurring on or after July 1, 2012. Here, Cook was injured in 2009.